MADDOX & Co. v. JAMES CLEARY.

[FILED MAY 18, 1892.]

Trial: SURPRISE: ABSENCE OF MATERIAL WITNESSES. In an action against certain non-residents, the cause being defended by a non-resident attorney, it was passed on the regular call of the docket in order to make arrangements to take it up at a time agreed upon. On the 15th of May it was agreed that the case should be taken up on the following Monday, the 20th, and two letters to that effect were written to the non-resident attorney. Afterwards on the same day a telegram was sent to such attorney that the case would be reached on Saturday, the 18th. The telegram was received before the letters, and the attorney, acting upon the letters, was on hand with his witnesses Monday morning ready for trial, when he learned that the case had been taken up on Saturday and tried in the absence of material witnesses for the defendants below. *Held,* Without attempting to place blame on any one, it was evident that the conflicting communications had prevented the defendants from being present and producing important evidence on the trial, and that a new trial would be granted.

ERROR to the district court for Hall county. Tried below before HARRISON, J.

*Frank E. Beeman,* for plaintiff in error, cited, to the contention that a new trial should have been awarded on the ground of surprise, etc.: *Volland v. Wilcox,* 17 Neb., 46; *Leighton v. Dixon,* 42 Kan., 618; *Symons v. Bun-*

*nell*, 80 Cal., 330; *Robertson v. Williams*, 81. Id., 268; *First Natl. Bank v. Harwick*, 74 Ia., 227; *Donnelly v. McAdams*, 13 Atl. Rep. [R. I.], 108; *Smith v. Rawlings's Adm'r*, 3 S. E. Rep. [Va.], 238; *Francis v. Cox*, 33 Cal., 323; *Hinman v. Hamilton*, 53 Wis., 169; *Burrough v. Hill*, 2 Atl. Rep. [R. I.], 382; *Reinke v. Morse*, 10 S. W. Rep. [Ky.], 468; *Gee v. Moss*, 68 Ia., 318.

*O. A. Abbott, contra.*

MAXWELL, CH. J.

In 1888 the plaintiffs were engaged in the mercantile business in Kansas, and being desirous of changing their location the senior member of the firm went to Grand Island and found there a vacant store-room belonging to the defendant in error. It is claimed on behalf of the defendant in error that a verbal lease was finally entered into between the parties, by reason of which the plaintiffs in error agreed to rent the store-room for a year at $75 per month and pay two months' rent in advance. This action is brought to recover $150 for the rent so to be paid in advance. The answer is, in substance, that the plaintiff below agreed to expend $500 in fitting up the building according to the directions of the defendants below, and that he failed and refused to comply with his agreement; that afterwards said lessor released said defendants from said lease, and that the sum of $150 was not due when the action was brought. On the trial of the cause the jury returned a verdict in favor of the plaintiff below for the sum claimed and judgment was entered thereon. It appears from the testimony that the plaintiffs in error were not residents of Grand Island and also that their attorney was a non-resident of that place; that there was a desire on the part of the attorney of Clarey to accommodate the non-resident attorney, hence the case was passed when reached in its regular order to be taken up at a time agreed upon; that on

the 15th of May, 1889, the attorney of the defendant in error had occasion to attend the district court of Clay county. Previous to his leaving home to attend the Clay county court it was arranged that the case at bar should be taken up and tried on the following Monday, May 20, and two letters to that effect were written by a firm of attorneys in Grand Island, who had been employed to make the arrangement, to the attorney of the plaintiffs in error. Afterwards, on the same day, a telegram was sent to said attorney saying that the case would be reached Saturday morning. After receiving the telegram he received one of the letters, which is very short, saying that the case would be taken up on Monday, and the second letter, which was received next day, was of a similar nature. The plaintiffs in error therefore relied upon the letters, which, so far as we can judge, had the appearance of being written after the telegram was sent, and were on hand Monday morning ready for trial, when it was found that the trial had taken place on the previous Saturday in the absence of the witnesses with whom the defendant in error claims to have made the contract and who also denies the making of the same. Without attempting to locate the blame or attach it to any one, it is very evident that the defendant in error obtained an undue advantage by the trial on Saturday and the plaintiffs in error are excusable for not appearing at that time. As there must be a new trial we will not comment on the facts. The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

THE other judges concur.