(September 1, 1906.)

C. L. HEITMAN, Plaintiff, v. F. R. GOODING, Governor, Defendant.

[86 Pac. 785.]

CONSTITUTIONAL LAW—APPORTIONMENT OF MEMBERS OF LEGISLATURE —INTENT OF LEGISLATURE—CREATION OF NEW COUNTIES—ACT CREATING INVALID.

1. The legislature undertook to create the counties of Lewis and Clark out of Kootenai county, including in said Lewis and Clark counties the entire area included in Kootenai county, and thereafter passed an apportionment bill which was approved on the seventh day of March, 1905, whereby the said counties of Lewis and Clark were each given one senator and two representatives, and each of the other counties of the state one senator and from one to five representatives. Thereafter the said act creating Lewis and Clark counties was held unconstitutional and void. *Held*, that as the legislative intent was to give each county one senator and representatives according to the number of votes cast at the last

preceding election, Kootenai county was entitled to one senator and four representatives.

2.  Said act of apportionment held valid and constitutional, except wherein it awarded two senators to Lewis and Clark counties.

(Syllabus by the court.)

ORIGINAL action to test the constitutionality of the apportionment act, approved March 7, 1905. *Act held constitutional.*

Ezra R. Whitla and Edwin McBee, for Plaintiff.

Both the spirit and the letter of the constitution is to give the different counties representation according to their population, and to give equal representation in the legislature to all counties according to their voting strength, and the court should go out of its way to see that the intention and spirit of the constitution is put into execution, and will never deny just representation, unless the same is unavoidable. (*Deny v. State,* 144 Ind. 503, 42 N. E. 929, 31 L. R. A. 726; *State v. Van Camp,* 36 Neb. 9, 91, 54 N. W. 113.)

A construction should not be placed on the apportionment bill of 1905 which will disfranchise the population of Kootenai county, in a degree at least, from voting for the full quota of representatives for the state legislature which she is entitled to by reason of her population, and which the legislature has said entitled her to six members of the legislature for 1907.

"The legislature is prohibited from passing an apportionment act which does not give substantially just and equal representation to the people of each county, based upon either the voting or entire population, or upon some other fair basis." (*Ballentine v. Willey,* 3 Idaho, 496, 95 Am. St. Rep. 17, 31 Pac. 994.)

What the petitioner considers the only question in this case is, as to whether or not the apportionment bill of 1905 can be made to apply to Kootenai county, when it was erroneously designated therein as Lewis and Clark counties.

An erroneous naming of a county will not defeat the bill, especially as it is so apparent therefrom that Kootenai was the real county intended. We have alleged that it was erroneously designated as Lewis and Clark counties, when it was in reality Kootenai county, and this is admitted by the answer. The territory the legislature intended will govern, even though it is not named at all. (*Shellabarger v. Williamson*, 50 Kan. 138, 32 Pac. 132; Sutherland on Statutory Construction, sec. 366.)

Nowhere in the constitution is there any provision which prohibits the legislature from dividing a county and making two senatorial districts wholly within a single county when that county has sufficient territory and population to warrant their doing so.

The legislature has given to the territory and population comprising Kootenai county the representation now asked for; and the same is a fair and just apportionment; and to hold the act invalid would be to deprive Kootenai county of her equal representation in the legislature, and to give to others not having such a large territory or population more representation than they are entitled to.

J. J. Guheen, Attorney General, Edwin Snow and Philip R. Hindman, for Defendant.

Section 4 of article 3 of the constitution provides: "The members of the first legislature shall be apportioned to the several legislative districts of the state in proportion to the number of votes polled at the last general election for delegates to Congress and thereafter to be apportioned as may be provided by law."

It will be noted that the apportionment herein provided for, to be based on voting strength, was only to apply to the first legislature, leaving to the legislature itself the power to make future apportionments as it saw fit. This also appears from article 19 of the constitution, which prescribes the apportionment "until otherwise provided by law." It will be

seen that the constitution contains no provisions requiring the legislature to make future apportionments on the basis of population or voting strength, or any other particular basis, but left the legislature free to regulate the matter to suit itself, so long as the apportionment was fair and equitable.

The senatorial apportionment of the act of 1905 shows on its face that it was not based on either population or voting strength. This view is strengthened by the language of section 2, which provides that, "Any new county which may hereafter be created shall constitute a senatorial district, and shall elect one senator, and shall elect one representative," showing plainly their intention to keep the counties on an equal footing in the senate.

The legislature was dealing with Lewis and Clark counties *as such;* as two separate and independent counties; not with Kootenai county; not with the people of Kootenai county.

An apportionment bill can only be regarded as a complete, inseparable whole, wherein the different parts "are so mutually connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant a belief that the legislature intended them as a whole, and that, if all could not be carried into effect, the legislature would not pass the residue independently." (*Warren v. Charlestown,* 2 Gray, 84.)

The legislature gave Lewis and Clark counties each one senator *simply because it thought it had created two new counties,* and was merely following out its policy of giving one senator to each county, regardless of size.

"This court cannot legislate by way of substitution." (*Commonwealth v. Potts,* 79 Pa. St. 164.) That is what this court was asked to do and refused to do in the case of *Ballentine v. Willey;* that is what it is asked to do now. It is asked to eliminate from the act of 1905 the two counties of Lewis and Clark, and to substitute therefor the county of Kootenai, giving it certain representation to which petitioner

alleges it to be entitled. If that is not judicial legislation, what is?

Referring again to *Ballentine v. Willey, supra,* this court, at page 507, says: "In the case at bar the apportionment act was to all intents and purposes declared unconstitutional by the decision in the Alta-Lincoln case. The plaintiff herein is claiming rights under a law already declared unconstitutional"—every word of which could be applied with equal force to the case at bar.

SULLIVAN, J.—This is an original proceeding brought in this court to determine the constitutionality of the apportionment act of the legislature, apportioning state representatives and senators to the various counties of the state, approved March 7, 1905. (See Sess. Laws 1905, p. 76.)

It appears that the legislature attempted to establish and create the counties of Lewis and Clark out of the territory included within Kootenai county and passed an act to that effect, approved February 29, 1905. By that act, the legislature undertook to create Lewis county out of the northerly half and Clark county out of the southerly half of said county, and under said apportionment act, the said counties of Lewis and Clark were given one senator and two representatives each. Thereafter this court in the case of *McDonald v. Doust,* 11 Idaho, 14, 81 Pac. 60, 69 L. R. A. 220, held said act of the legislature attempting to create said Lewis and Clark counties unconstitutional and void, thereby sustaining the integrity of Kootenai county as originally created.

The act creating the counties of Lewis and Clark having thus been held unconstitutional, the questions arise as to whether Kootenai county is entitled to two senators and four representatives, that being the number apportioned to said Lewis and Clark counties, and whether if said Kootenai county is not entitled to two senators and four representatives, what number of representatives and senators it is entitled to, and whether, by reason of said act (attempting to create said Lewis and Clark counties) having been held void.

said apportionment act is for that reason unconstitutional and void.

Counsel for plaintiff first contended that said act is constitutional and that said Kootenai county is entitled to two senators and four representatives. That as said Lewis and Clark counties were created from the identical territory included within the boundaries of Kootenai county, the legislative intent was to give that territory and population within it two senators and four representatives. We cannot wholly agree with that contention. It is clear to us from the said legislative apportionment act that it was the intention of the legislature to give to each county one senator, as was done by said act, and that representatives were apportioned to the several counties according to the vote cast at the last preceding state election for one of the state officers. That being true, if the unconstitutional act creating Lewis and Clark counties had not been passed, Kootenai county would have been given but one senator. We, therefore, hold that Kootenai county is entitled to but one senator.

It is very apparent that it was the intention of the legislature to give to each county in the state but one senator, and it may have been that the legislature in apportioning representatives to the several counties gave to each county one representative for a certain number of votes cast at the last preceding election, and one also for every major fraction of such number. In case said unconstitutional act had not been passed, Kootenai county as a whole may have been entitled to five representatives instead of four, by reason of its having a major fraction of the number which was used as the basis of such apportionment, but we have nothing before us showing that it has such major fraction. We, therefore, hold that Kootenai county is entitled to four representatives and no more.

It is contended that under the decision of this court in *Ballantine v. Willey,* 3 Idaho, 496, 95 Am. St. Rep. 17, 31 Pac. 994, that the apportionment act under consideration is unconstitutional and void. We cannot agree with that con-

tention as the facts in that case were very different from the facts in the case at bar. In that case Logan and Alturas counties were abolished and the counties of Alta and Lincoln created; and while it is true that said Alta and Lincoln counties contained all of the territory included within Alturas and Logan counties, Alta county contained a larger area and population than Alturas county contained, and Lincoln county·a smaller area and population than Logan county. That being true, the act creating Alta and Lincoln counties having been held by this court unconstitutional, the number of representatives apportioned to Alta county would not apply to Alturas county, because Alta county included a larger territory and population than was included in Alturas county, and the said Lincoln county contained less territory and population than was included in Logan county.

It will therefore be observed that the legislature would not have given Alturas county the same representation that it did Alta county, and would have given Logan county a larger representation than it gave Lincoln county. In that case it was apparent that the legislature would not have passed said apportionment act giving the same representation to Alturas county that it gave to Alta county or the same to Logan county that it gave to Lincoln. While in the case at bar the representation to Lewis and Clark counties, aside from one senator, would, in all probability, have been just the same as was given to Lewis and Clark counties, as identically the same territory and population were included in Lewis and Clark counties as are included in Kootenai county. We, therefore, hold said apportionment act valid, with the exception that Kootenai county is entitled to only one senator and four representatives. This construction of the act under consideration will carry out the intent of the legislature in giving to the territory of Kootenai county and the electors thereof substantially equal representation with the other counties of the state, and will not disfranchise any considerable number of the electors of the state or deprive any county of its just representation in the legislature. (*State v. Van Camp,*

36 Neb. 9, 91, 54 N. W. 113; Sutherland on Statutory Construction, sec. 366.)

To adopt the contention of counsel for plaintiff in case the legislature had constitutionally created other new counties, and by said apportionment act had given them senatorial and legislative representation, then for this court to hold said apportionment act unconstitutional, would have deprived such new county of all representation whatever, except such as is given it by the constitution, to wit, one representative. When the intent of the legislature is as obvious as it is in the case at bar, to wit, that the people and territory included within the boundaries of Kootenai county should have four representatives, and it is also clear from said act that it was the intention to award to each county one senator, the court is fully justified in construing the act to that effect and holding that Kootenai county is entitled to one senator and four representatives. The court, therefore, concludes that said apportionment act is valid and that Kootenai county is entitled to one senator and four representatives, and no more, and that the election proclamation of the governor should carry out said apportionment act as herein construed, and it is so held. No costs are awarded in this case.

Stockslager, C. J., and Ailshie, J., concur.