FREDERICK WEST v. STEPHEN RICE *et al.*

*Error from Jackson County.*

An order of a justice of the peace, or *semble* of any other inferior court, giving time, after decision, for making and filing a bill of exceptions thereto, *held* not erroneous.

*It seems* that though a bill of exceptions, as such, must be filed during the term of court, still, the term may be extended for the purpose.

Where a party to an action before a justice, applies for a continuance for thirty days, with proof by his own oath, "that he cannot, for the want of material testimony, which he has been unable and expects to procure, safely proceed to trial," [§ 62, Justice's Act., Comp. L., 627]; *held* not a matter of discretion to grant the continuance, but error to refuse it.

Under the act of 1867 [L. '67, p. 77, § 2], in actions for over $100, a defendant in justice's court must file a demurrer, or answer to the petition of plaintiff; but *held* that such pleadings may be filed at any time before the actual commencement of the trial; and, *held* error for the justice to refuse such filing, on demand of defendant, after trial hour, but before the trial commenced.

The right to such filing, *semble, might* be waived by allowing the plaintiff to proceed with the trial, without the demand.

In addition to the facts of the case set forth in the opinion of the court, the following particulars may not be amiss:

The record shows that on the return day of the summons, the parties appeared, and the defendant applied for a continuance upon the following evidence : " William Smith being first duly sworn upon his oath, deposes and says that he is one of the defendants in the above cause, and that he cannot, for the want of material testimony, which resides out of said county of Jackson, and which he has been unable to procure, safely proceed to trial at this time, but that he expects

to have said 'testimony at the expiration of thirty days.''

On the point relative to the filing of the answer, the record is as follows: The transcript of the justice's docket shows that defendant ''asked for a continuance and leave to file his answer, which the court overruled, the time having passed; and no answer or demurrer having been filed, after waiting till 12 o'clock, M.,'' (the summons being returnable at 10 A. M.,) ''the plaintiff asks for judgment by default * * * and proves up his claim.'' The bill of exceptions shows that the defendant ''moved the court for a reasonable time to answer to said plaintiff's petition.''

*W. H. Dodge*, for plaintiff in error.

*J. H. Keller*, and *Martin, Morton & Burns*, for defendant in error.

*Dodge*, for plaintiff, contended:

1. No exceptions were made at the time of the trial, as shown by the transcript. The bills of exception, affixed to the transcript, are no part of the record, and cannot be considered in the case. *a.* Because they were not reduced to writing, and presented to the justice for allowance and signature during the trial of the cause, and not until five days after judgment. *b.* Because the justice had no power to extend the time for reducing the exceptions to writing after the trial had concluded. *c.* Because the bill was presented for allowance in the absence of the plaintiff and his attorney. 1 *Kas.*, 143, 303, 359; 2 *id.*, 192, 410, 496; 7

*Wend.*, 536 ; 6 *id.*, 268 ; 6 *O. S. R.*, 12 ; *Swan's Treat.*, 183.

2. A cause will not be reversed upon a matter which is discretionary with the court, unless such discretion is abused.   There was no written affidavit made for a continuance, and the oral statement made by Smith was not sufficient.   The oath or affidavit must show the names of the absent witnesses ; their residence, if known ; what the facts are, expected to be proved ; and the exercise of some diligence, at least, having been used to obtain them.   The oath is insufficient, informal and defective in every particular.   7 *Ver.*, 476 ; 21 *Me.*, 512 ; 4 *Cranch*, 236 ; 4 *Ia.*, 146, 355 ; 20 *id.*, 419 ; *Comp. L.*, 648, § 184.

3. A motion for leave to file an answer is unknown to the law.   Defendants did not present an answer to the court, but asked for further time.   It was not error for the court to refuse this, without a showing upon their part.   *Odell* v. *Sargent*, 3 *Kas.*, 80.

4. The amount claimed by plaintiff being over $100, it required the defendants to answer, or demur, or make some legal appearance upon the record ; and in the absence of which, the defendants were in default.   *L.* '67, *p.* 77.

*J. H. Keller*, and *Martin, Morton & Burns*, made the following points :

1. The bill of exceptions is properly before the court.   The statute in reference to exceptions before a justice, does not limit the time the justice may give to sign a bill of exceptions.   The authorities relied upon by plaintiff, apply only to exceptions before district court.   There (§ 301, *p.* 173, *Comp. L.*) it is expressly

provided that time shall not be extended beyond the term. A justice's court, unlike probate and district, has, strictly speaking, no terms and no vacations, and the justice may extend the time. At the worst, an extension of the time is exactly the same as a continuance, and thus the exceptions are signed before the trial ends. The transcript shows that the trial was not concluded till after bill of exceptions was filed. *Comp. L.*, 632, § 92; *Swan's Tr.*, 183, *and authorities there cited.*

2. The justice erred in overruling the motion for a continuance. By his affidavit fully complying with § 62, Comp. L., p. 627, the defendant put himself within the statute, and complied with it. Having done that, the granting a continuance is not a matter of discretion with the justice. The "may" means "shall." 8 *Blackf.*, 587; 7 *Ind.*, 110, 122; 14 *id.*, 269; 18 *id.*, 148; *Sedg. on Stat. L.*, 438.

3. The justice erred in refusing leave to answer. A fair construction of the law of 1867 does not limit the time for answer to one hour, but extends it to the day. The justice's transcript fairly shows that the parties had appeared before the conclusion of the hour—that time was taken in discussion of motion for continuance, &c., till the hour elapsed, and then, although parties had appeared in time, the justice arbitrarily ruled out an answer. This error appears, even if the bill of exceptions is not taken into consideration. It is shown by the transcript. *L.* '67, *p.* 77.

*By the Court*, SAFFORD, J.

This cause was originally brought before a justice of the peace in the county of Jackson, and judgment

was rendered therein in favor of the plaintiff, for the sum of one hundred and thirty dollars and costs. Thereupon the defendants filed in the district court of said Jackson county their petition in error, together with a transcript of the proceedings before the justice. Such transcript contained a bill of exceptions allowed by the justice, and reciting in detail the incidents of the trial, and the rulings of the justice therein.

A hearing being had upon the said petition in error, transcript and bill of exceptions, the district court reversed the judgment of the justice of the peace, and thereupon the said plaintiff brings up the proceedings of the said district court for review. It is contended on behalf of the plaintiff in error, that the bill of exceptions, taken before the justice of the peace, ought not to have been considered by the district court; and the reason assigned is, that the same was not allowed until four or five days after the return day of the summons, and trial of the cause. It does not seem to us that this objection is well taken, and besides, it would seem that the plaintiff claims too much on this behalf. The transcript does not show that any other action was had by the justice, than such as would operate in effect to continue the proceedings for the purpose of allowing a bill of exceptions to be made out, from the 25th to the 30th of November, 1867, and that such was the understanding of the justice, himself, is deducible from an inspection of the record. In his docket he narrates the several steps taken in the case, beginning with the filing of plaintiff's petition, and issuance of summons thereon, which summons was made returnable on a day certain; on the return day, all the proceedings are noted in their proper order, up to and including the judgment and award of execution. Then

immediately following, but under date of five days later, comes the entry showing the allowance of a bill of exceptions—the bill of exceptions itself, and that time had been given by the justice for the purpose of preparing the same, without objections from any one. Then follows the certificate of the justice, as to the correctness of the transcript, having reference to the whole of it, bill of exceptions and all.

We think that a fair and liberal construction of this record justifies us in holding that the justice's court was open for the filing of the bill of exceptions until the expiration of the period given in which to reduce it to writing, and especially so, there being no objection made to such order. Besides, we know of no law which prohibits a justice from so continuing his proceedings in a case, as to cover a bill of exceptions, filed as in this instance; and generally, as to all inferior courts, time may be given in which to reduce exceptions to writing, though not beyond the term at which trial is had; but a term of court may be continued for such purpose.

Taking this case, then, as it appears upon the transcript and bill of exceptions, was the district court justified in reversing the judgment of the justice? The case shows that at the time set for trial, the parties duly appeared, and that the defendants moved the court for a continuance for thirty days, on the ground of absent testimony. In making this application, the defendants offered proof, fully complying with the provisions of § 62, p. 627 Comp. L. '62. Having done so, and no counter-showing having been made or attempted,* it was not a matter of discretion with the justice, to either grant or refuse the application; but it

*Are we to infer from this, that counter-affidavits would be admissible ?—REP.

became and was the right of the defendants to have such continuance. It was error, therefore, for the justice to refuse it.

We also think that, under the facts and circumstances apparent in the case, the justice committed a farther error in refusing the application of the defendants, for leave to file an answer, such being the force and meaning of the motion made by defendants, as shown by the record. The justice might well have required such answer to be filed without delay, or within a very limited period of time, but to refuse it altogether, does not seem to us as calculated to promote justice.

In cases like the one presented in the record, the law as it now stands (§ 2, *p.* 77, *L.* '67), requires a defendant to file a demurrer or answer to the petition of the plaintiff, on or before the day of trial. Now, a fair construction of the language used, would seem to indicate that if such defendant saw fit to claim it, he would be entitled to file his demurrer or answer at any time on the trial day, before the trial should actually commence.

He might, however, expressly waive such right; and he might and would do so by allowing the plaintiff to proceed with his case without any pleading having been filed, or attempted to be filed, on his part.

The judgment of the district court is affirmed.

All the justices concurring.