## J. S. EARLYWINE v. THE TOPEKA, SALINA & WESTERN RAILWAY COMPANY *et al.*

1. NEW TRIAL — *Motion for, When Unnecessary.* When the demurrer to a petition is sustained, and the plaintiff elects to stand upon his petition and the facts stated therein, and judgment is rendered against him for costs, no motion for a new trial is necessary to have the question of the sufficiency of the petition reviewed in this court.

2. RAILWAY RIGHT-OF-WAY — *Title — Right of Company.* The title to land appropriated by a railway company, under the provisions of article 9, chapter 23 of the Compiled Laws of 1885, remains in the owner of the soil; and the railway company has the right to remove only so much thereof as may be necessary for the construction and repair of its road.

*Error from Morris District Court.*

THE case is sufficiently stated in the opinion. Judgment for the defendant *Company*, at the April term, 1887. The plaintiff *Earlywine* brings the case to this court.

*J. K. Owens, B. A. Seaver, F. W. Raymond,* and *W. D. Webb,* for plaintiff in error.

*Waggener, Martin & Orr,* for defendants in error.

Opinion by GREEN, C.: Plaintiff below sued the defendants in error in the district court of Morris county, for trespass alleged to have been committed upon the line of the right-of-way of the defendants, and on the land of the plaintiff. The material allegations of the petition are, that the defendants own and operate a line of railroad from Council Grove, in Morris county, to Salina; that said road was built in 1882, through the land of the plaintiff; that on or about the 1st of April, 1886, and at divers times since, along and upon the right-of-way of said railroad and on plaintiff's land the defendants dug up and moved large quantities of dirt and soil, and then and there dug, blasted and quarried large quantities of stone—two thousand perch—of the value of $1,000, and took and carried the same away and from said land, and converted the same to their own use. The claim is made that the defendants are liable for earth and rock taken from the right-of-way, where the defendants have constructed a railroad. A demurrer was interposed to the petition in the court below, which was sustained, and the plaintiff elected to stand on the petition and the facts stated therein; and the court gave judgment for costs against the plaintiff. No motion for a new trial was made.

I. The defendants in error claim that the question of the sufficiency of the petition cannot be reviewed here, because no motion for a new trial was made; that practically there was a trial as upon an agreed statement of facts. We do not think this position is correct. The record is before this court,

and we can pass upon the sufficiency of the petition just as well as though a motion for a new trial had been made; and we do not see the reason or object of a motion for a new trial in this case. But one question was raised by the demurrer. The court decided that question on the petition alone. The plaintiff elected to stand upon his petition and the facts as therein stated; and the court gave judgment accordingly against him. This was a final determination of the case. This court held in the case of *Coburn v. Weed,* 12 Kas. 182, that an error in a final judgment of the district court is reviewable in this court, although no motion to correct the error had been made in that court. (*Koehler v. Ball,* 2 Kas. 160; *Lender v. Caldwell,* 4 id. 290.) We think the case is subject to review here.

II. Did the court err in sustaining the demurrer to plaintiff's petition? Whatever rights the defendants below had upon the land of the plaintiff on the right-of-way, were under ¶¶ 1390 and 1393 of the General Statutes of 1889, which provide:

"Any duly chartered and organized railway corporation may apply to the board of county commissioners of any county through which such corporation proposes to construct its road, to lay off, along the line of such proposed railroad, as located by such company, a route for such proposed railroad, not exceeding one hundred feet in width — except for the purposes of cuttings and embankments it shall be necessary to take more for the proper construction and security of the road — through as much of said county as may be desired by such company; and also such land as may be deemed necessary for side-tracks, depots and workshops, and water stations, materials for construction, except timber, a right-of-way over adjacent lands sufficient to enable such company to construct and repair its roads and stations, and a right to conduct water by acqueducts, and a right of making proper drains."

"If such company shall cause the copy of the report, so certified, to be, within ten days after such certifying, filed and recorded in the office of the register of deeds for such county, it shall have the right to occupy the land so embraced within such route, for the purposes necessary to the construction and use of its road; and to such portions of such road over which

a railroad shall be actually constructed within such time, the perpetual use of such lands shall be vested in such company, its successors and assigns, for the use of the railroad, as soon as so much of such railroad shall have been constructed fit for use."

It would seem from this authority that the railway company acquired such an easement in the right-of-way as would give it the use of such material as would be necessary to construct and repair its road. This court has said in the case of *K. C. Rly. Co. v. Allen*, 22 Kas. 285:

"An easement merely gives to a railroad company a right-of-way in the land; that is, the right to use the land for its purposes. This includes the right to employ the land taken for the purposes of constructing, maintaining and operating a railroad thereon. Under this right the company has the free and perfect use of the surface of the land as far as necessary for all its purposes, and the right to use as much above and below the surface as may be needed."

The doctrine has been stated by Rorer in his work on Railroads, page 325:

"Though a railroad company may acquire no interest in the fee of the land itself, the use of which is taken for a right-of-way for its railroad, yet it acquires, with the right-of-way or easement, the right to so much of the earth, gravel and stone, trees and timber within their lines of location as the company may need for the construction and maintenance of their road, and also to be used in carrying from point to point to supply deficiencies and diminish excesses of each of such material on the road."

Now the petition in this case nowhere alleges that the material the defendants were charged with removing was not necessary in the construction or repair of the road. If it were necessary for the railway company to remove this dirt and stone in the construction or repair of its road-bed, we do not think it would be liable; and, inasmuch as the petition does not allege that it was not necessary, we think it was defective and the demurrer was properly sustained. It is not necessary for us to decide whether the company would have

the right to remove material from one point on its right-of-way to another, as that question is not properly in this case.

The demurrer, we think, was properly sustained; and we therefore recommend an affirmance of the judgment of the court below.

By the Court: It is so ordered.

All the Justices concurring.