## HIRAM COOK *et al.* v. JAMES LARSON.

1. CONTINUANCE *before Justices of the Peace.*  Paragraph 4931 of the General Statutes of 1889 secures to either party to a cause the right to a continuance for any number of days not exceeding 15, upon filing with the justice the affidavit required thereby.

2. NEW TRIAL—*No Motion—Review.*  Where, in a justice's court, an application for a continuance has been made, and refused by the court, the alleged error growing out of such refusal may be reviewed in this court without any motion for a new trial.

### *Error from Wilson District Court.*

COOK and others bring here for review the refusal of the court below to grant them a continuance.   The facts appear in the opinion.

*C. S. Reed,* for plaintiffs in error.

*Geo. P. Uhl,* for defendant in error.

Opinion by STRANG, C.: This action was begun before a justice of the peace by James Larson against Hiram Cook, R. S. White, J. C. Vassar, and C. G. Glenn. Service was never had on Vassar. On the return-day of the summons the other defendants appeared and made a motion for a continuance, which was supported by an affidavit alleging that they could not safely proceed to trial at that time for want of material testimony which they had been unable to procure. They asked for a continuance for 15 days. The court refused to grant them a continuance for 15 days, and set the cause for trial in 10 days, over the objection and exception of the defendants. On the day to which the case had been continued the defendants did not appear, and the court rendered judgment against them for the amount of the plaintiff's claim. Within 10 days thereafter the defendants prepared, and the court allowed and signed, a bill of exceptions, and the case was taken to the district court on a petition in error, in which it was alleged that the court had commited error in refusing the defendants a continuance for 15 days. The district court held that the justice had commited no error, and remanded the case to his court for execution of the judgment. The plaintiffs in error were not satisfied with the judgment of the district court, and bring the case here, still insisting that they were entitled to a continuance for 15 days on their application in the justice's court, and that it was error for that court to refuse them such continuance; and also, that the district court erred in refusing to reverse the justice for such error; and this is the only assignment of error in this court.

The defendant in error raises some preliminary questions, to which our attention is directed in his brief. It is admitted that there was no motion for a new trial in the justice's court, and it is asserted that, because there was not, no review of the

error assigned can be had in this court. The error complained of did not arise on the trial of the cause. It occurred 10 days before the trial of the case was begun, and was not, therefore, error of law occurring on the trial of the cause. The decisions of this court which hold that rulings of the lower court, made in the course of a trial, are not available as grounds of error in this court unless the lower court has had an opportunity to reëxamine and correct them upon a motion for a new trial, are not, therefore, applicable to this case. The application for the continuance, and the affidavit in support thereof, became a part of the record in the justice's court, and when brought up to the district court and to this court by the bill of exceptions, the alleged error complained of is apparent upon the record, and needs no motion for new trial to bring it to the attention of the court. Among other things, ¶ 4641, General Statutes of 1889, says: "The supreme court may reverse, vacate or modify a judgment of the district court, for errors appearing on the record." In this case the alleged error appears on the record, and the above is sufficient authority for reviewing and correcting it here. (See, also, the case of *Earlywine* v. *T. S. & W. Rld. Co.*, 43 Kas. 746.)

The defendant contends that the refusal to grant a continuance cannot be reviewed here, because the bill of exceptions allowed and signed by the justice was not allowed and signed in time; that the ruling of the court refusing the continuance complained of was on the 10th day of the month, and the bill of exceptions was not signed until the 29th. The defendant seems to think the bill must be allowed and signed within 10 days from the date of the ruling complained of. But the statute says: "The bill of exceptions may be signed and sealed at any time within 10 days from the day on which judgment is given in the action." The judgment was rendered on the 20th day of the month, and the bill was allowed and signed on the 29th, and was therefore within time. Were the defendants in the justice's court entitled to a continuance on the application made there as a matter of right? We think

they were. Paragraph 4931, General Statutes of 1889, reads as follows:

"Either party may have the trial adjourned without the consent of the other, for a period not exceeding 15 days, by filing an affidavit of himself, his agent or attorney, that he cannot, for want of material testimony which he has been unable to procure, safely proceed to trial."

The defendants filed the affidavit provided for by the above section, and demanded a continuance for 15 days. We think the statute gives either party filing the affidavit the absolute right to a continuance for any number of days not exceeding 15. It vests no discretion in the court. It is mandatory. ( *West v. Rice*, 4 Kas. 563.)

If the defendants were entitled to a continuance for 15 days, then the refusal of the court to allow it was error; and if such refusal was error on the part of the justice's court, then, when the matter was taken to the district court by petition in error, it was error for said court to overrule the petition in error. It is therefore recommended that the judgment of the district court be reversed, and the case sent back for new trial.

By the Court: It is so ordered.

All the Justices concurring.