357 P.2d 1101

OREGON SHORT LINE RAILROAD COM-
PANY, a Corporation, and Union Pacific
Railroad Company, a Corporation, Plain-
tiffs-Appellants,

v.

VILLAGE OF CHUBBUCK, a Municipal
Corporation, Defendant-Respondent.

No. 8933.

Supreme Court of Idaho.

Dec. 20, 1960.

L. H. Anderson, Pocatello, Bryan P. Leverich, Salt Lake City, Utah, E. C. Phoenix, D. A. Bybee, Pocatello, for appellants.

Herman J. McDevitt, Pocatello, for respondent.

**64**

SMITH, Justice.

Appellants are referred to as the Railroads, and respondent, an incorporated village, as the Village.

Appellants Railroads (plaintiffs) instituted this action to void Ordinance No. 47 of the Village (defendant), enacted April 24, 1959, attempting annexation of certain railroad land to the corporate limits of the Village. This land constitutes approximately one mile,—12.29 acres,—of the Railroads' right of way, and a small parcel,—.49 acre,—of their "operating property" contiguous to the right of way, totaling 12.78 acres, described in the Railroads' complaint and in the trial court's findings of fact and judgment filed July 10, 1959.

The Railroads in their complaint pleaded, inter alia, that the land had never been, and can not be laid off in lots or blocks, nor sold in tracts, not exceeding five acres each, and is used exclusively for railroad purposes, and that the attempted annexation exceeded the Village's authority granted by I.C. § 50–303.

The Railroads moved for summary judgment, supporting their motion with affidavits, uncontroverted by the Village, setting forth matters bearing upon ultimate facts alleged in the complaint. The Village then filed its unsupported counter motion for summary judgment. The trial court, June 7, 1960, denied the Railroads' motion, and granted the motion of the Village by entry of due order, in effect constituting a final judgment of dismissal, from which order the Railroads appealed.

The Railroads assign as error the granting of the Village's motion, and the refusal to grant the Railroads' motion, for summary judgment, contending that only lands susceptible of annexation within the definition of the applicable statute, I.C. § 50–303, may be annexed by a municipality.

The pleadings, and the uncontroverted affidavits supporting the Railroads' motion for summary judgment show no genuine issue as to any material fact to be considered by the trial court in disposing of the motions of both parties for summary judgment. Idaho Rules of Civ.Proc. Rule 56(c).

■ The Railroads, in urging lack of authority in the Village to annex the railroad land, point to I.C. § 50–303; under the provisions thereof land lying contiguous or adjacent to a municipality may, by ordinance, be annexed, when the land either:

"* * * shall be, or shall have been, by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescense [sic], laid off into lots or blocks, containing not more than five acres of land each, * * *."

or, whenever:

"* * * the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, * * *."

Thus only contiguous or adjacent lands may be annexed which the owner has laid off in lots or blocks, or sold or begun to sell off in tracts, not exceeding five acres each. Boise City v. Boise City Development Co., 41 Idaho 294, 238 P. 1006; Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072. The uncontroverted facts disclosed by the pleadings and affidavits show that the Railroads have not laid off in lots or blocks, nor sold or begun to sell, their land involved in this proceeding, in tracts not exceeding five acres each.

■

■ A village can be created only pursuant to the provisions of Idaho Code, Title 50, ch. 7. At the time of its incorporation, its boundaries are established by the order of incorporation of the board of county commissioners, I.C. § 50–701.

■ Municipal corporations can exercise only such powers as are expressly granted or necessarily implied from the powers granted; doubt as to the existence of powers, must be resolved in favor of the granting power. State v. Frederic, 28 Idaho 709, 155 P. 977; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Independent School Dist. No. 1 of Twin Falls County v. Continental Oil Co., 49 Idaho 109, 286 P. 360; O'Bryant v. City of Idaho Falls, 78 Idaho 313, 303 P.2d 672.

■■ Municipal corporations have power to annex additional territory only under the conditions, restrictions and limitations which the legislature imposes. Boise City v. Baxter, 41 Idaho 368, 238 P. 1029; Hillman v. City of Pocatello, supra; Potvin v. Village of Chubbuck, 76 Idaho 453, 284 P.2d 414. If the essentials of the statute are lacking, the annexation ordinance is void. Hillman v. City of Pocatello, supra; Potvin v. Village of Chubbuck, supra.

■ Respondent asserts its right of annexation under Idaho Const. Art. XI, § 11, which provides that no railroad shall be constructed within a municipality without

the consent of the local authorities. Respondent Village does not contend that the railroad, when constructed, was within the boundaries of the village. The Village seeks by its Ordinance No. 47 presently to include within its boundaries the railroad as heretofore constructed. Hence, such constitutional provision has no application under the facts presented.

Respondent Village also asserts its right of annexation of the Railroads' lands under I.C. §§ 50–1117 and 50–1118, which provide that a municipality may regulate, within its boundaries, the passage of railways and operation of its equipment. The subject matters treated by those statutory provisions relate to the occupancy of a street, highway or territory, i. e., the place where the railroad may be located, and also have to do with safety factors of crossings and operation of railroad equipment. Those regulations do not imply the power of annexation of the Railroads' lands used exclusively for railroad purposes, and which the owners have not laid off in lots or blocks, nor sold or begun to sell in tracts, not exceeding five acres each.

The judgment of the district court is reversed and the cause remanded with directions to enter judgment in favor of appellants Railroads, adjudging Ordinance No. 47 of the Village to be invalid insofar as the ordinance attempts annexation to the corporate limits of the Village of the Railroads' lands involved herein; and granting the Railroads' motion for summary judgment.

Costs to appellants.

TAYLOR, C. J., and KNUDSON, McQUADE and McFADDEN, JJ., concur.