494

465 P.2d 105

**OREGON SHORT LINE RAILROAD COM-
PANY, a corporation, and Union Pacific
Railroad Company, a corporation, Plain-
tiffs-Respondents,**

v.

**CITY OF MOUNTAIN HOME, a municipal
corporation, Defendant-Appellant.**

No. 10357.

Supreme Court of Idaho.

Feb. 10, 1970.

Robert M. Rowett, Mountain Home, for
appellant.

E. C. Phoenix, D. A. Bybee and F. L.
Ringe, Pocatello, for respondents.

McQUADE, Justice.

The plaintiff-respondent railroads, Ore-
gon Short Line Railroad Company and
Union Pacific Railroad Company, instituted
this action in 1965 to have an ordinance of
the City of Mountain Home declared void.
The ordinance purported to annex the tract
of land over which respondents' railroad
operates. The question was submitted to
the district court on a stipulated statement
of facts and judgment was rendered in
favor of the railroads.

The facts, as stipulated, may be briefly
summarized. In compliance with the Act
of Congress of 1875, the Oregon Short Line
Railroad perfected a right-of-way in 1883
over land which is the subject of this action.
The line has since been in continuous use
and control of the Oregon Short Line and
the Union Pacific Railroads and all taxes
and assessments on the right-of-way have
been paid since 1883–1884. In 1891–1892,
the United States patented the area around
the right-of-way to persons other than the
railroads. These persons, or their suc-
cessors, in turn, conveyed this land in fee
to the Great Western Sugar Beet Company
which platted this and other land as
Jerome's Addition to Mountain Home in
January, 1906. Neither railroad has ever
laid any of the "right-of-way or any part
of it off into blocks, nor sold, nor begun to
sell, by metes and bounds or otherwise any
part of it in tracts not exceeding five acres
of land each."

On or about the 31st day of December,
1964, the City of Mountain Home enacted

the ordinance attacked in this action. It purported to annex a portion of Jerome's Addition and a section of the railroads' right-of-way.

This action must turn on an interpretation of I.C. § 50–303 (1947) which, at the time this action arose read:

"*Annexation of adjacent territory.*— Whenever any land lying contiguous or adjacent to any city, town or village in the state of Idaho, or to any addition or extension thereof, shall be, or shall have been, by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescence, laid off into lots or blocks, containing not more than five acres of land each, whether the same shall have been, or shall be, laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres,

it shall be competent for the council or board of trustees, as the case may be, by ordinance, to declare the same, by proper legal description thereof, a part of such city, town or village. *Provided that said board of trustees or council shall not have the power to declare such land, lots or blocks a part of said city, town or village, if they will be connected to such city, town or village by a shoe-string or strip of land upon a public highway.*" (Emphasis original) [1]

The question which is presented is: Are the railroads the "owner or proprietor" of annexed land within the meaning of this statute? If they are, then, following Oregon Short Line Railroad Co. v. Village of Chubbuck,[2] so much of the annexation ordinance as purported to include the railroad right-of-way is void, because the right-of-way was not and could not be platted. The City argues, however, that the railroads have a "mere" easement and are, therefore, not the "owners or proprietors" of the land on which they have a right-of-way. To support this proposition they point to the case of Great Northern R.

1. This statute has since been amended and re-codified as I.C. § 50–222 (1967), and it now reads:

"*Annexation of adjacent territory.*— Whenever any land lying contiguous or adjacent to any city in the state of Idaho, or to any addition or extension thereof, shall be or shall have been by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescence, laid off into blocks containing not more than five (5) acres of land each, whether the same shall have been or shall be laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor or any person by or with his authority has sold or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five (5) acres or whenever the owner or proprietor or any person by or with his authority requests annexation in writing to the council, or when a tract of land is entirely surrounded by properties lying within the city boundaries, it shall be competent for the council, by ordinance, to declare the same,

by proper legal description thereof, a part of such city. When any land not used exclusively for agricultural purposes is completely surrounded by the boundaries of two (2) or more cities, the district court, shall after hearing the owners of the properties involved, and the elected officials of the adjacent cities, determine which if any of the cities may annex said lands. "*Railroad right of way property may be annexed when property within the city adjoins both sides of the right of way notwithstanding any other provision of this section.* Provided, that the city may annex only those areas which can be reasonably assumed to be used for orderly development of the city. Provided further, that said council shall not have the power to declare such land, lots or blocks a part of said city, if they will be connected to such city only by a shoestring or strip of land upon a public highway. [1967, ch. 429, § 15, p. 1249; am. 1969, ch. 404, § 1, p. 1124.]" (Emphasis ours)

2. 83 Idaho 62, 65, 357 P.2d 1101, 1103 (1960).

Co. v. United States.[3] That case involved an action by the United States to enjoin the railroad from removing minerals from land upon which a right-of-way had been granted under the 1875 statute which is involved in this case. The Supreme Court of the United States, *per* Justice Murphy, held that the railroad had been granted only an "easement" and that the fee interest in the minerals was retained by the grantor United States. That case did not, however, determine the right of a railroad to preclude other uses of its right-of-way competitive and inconsistent with its own use.

While a railroad right-of-way may not carry with it the power to remove minerals from the servient estate, it is still a perpetual and exclusive possessory interest in the land surface as long as the right-of-way is used for railroad purposes.[4] While the owner of the servient estate might plat the land "under" the right-of-way easement, he could not use the surface of the right-of-way without the permission of the holder of the easement.[5] Thus, the adjacent owners could not give the right-of-way land an urban character without the acquiescence of the respondents. For purposes of the 1947 statute, therefore, the respondents are the "owners or proprietors" of their right-of-way. This case is governed by Oregon Short Line Railroad Co. v. Chubbuck, *supra*, and the judgment of the district court must be affirmed.

Costs to respondents.

McFADDEN, C. J., and DONALDSON, SHEPARD and SPEAR, JJ., concur.

3. 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836 (1942).

4. *See,* Coulsen v. Aberdeen-Springfield C. Co., 47 Idaho 619, 627, 277 P. 542, 544 (1929). (A dictum discussion of the amount of easement normally owned by a railroad); Mitchell v. Illinois Central Railroad Co., 384 Ill. 258, 51 N.E.2d 271,

149 A.L.R. 369, 374 (1943); Brown v. Weare, 348 Mo. 135, 152 S.W.2d 649, 136 A.L.R. 286, 293 (1941).

5. *See* Coulsen v. Aberdeen-Springfield C. Co., *supra* note 4, 47 Idaho at 627, 277 P. at 544; Harvest Queen Mill & Elevator Co. v. Sanders, 189 Kan. 536, 370 P.2d 419, 6 A.L.R.3d 962, 970 (1962).