506 P.2d 832

**MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a corporation, Plaintiff-Respondent,**

v.

**The CITY OF BOISE, a municipal corporation, and Jay Amyx, Mayor, City of Boise, Defendants-Appellants.**

**No. 11103.**

Supreme Court of Idaho.

Feb. 15, 1973.

Elbert E. Gass, Boise, for defendants-appellants.

Warren E. Jones, Eberle, Berlin, Kading, Turnbow & Gillespie, chartered, Boise, for plaintiff-respondent.

McQUADE, Justice.

On August 16, 1971, the City Council of the City of Boise adopted Resolution 1743, approving a proposal for a lease by and between appellant City of Boise and respondent Mountain States Telephone and Telegraph Company. The leased property was to consist of Lots 11 and 12 of Block 42 of Boise City Original Townsite, which was then being used by the City for a city hall and police station. Resolution 1743 provided among other things:

"(f) That the present property is not needed for City purposes, subject only to the right of the City to occupy the present property during a transition period of acquiring, constructing and moving to new City Hall premises, that the best interests of the City are served by presently determining the nature of the future use of the present City Hall premises and by fixing the economic proceeds which will flow from said premises in order to more expeditiously and economically arrange for the new City Hall premises;  *  *  *."

Subsequent to the adoption of Resolution 1743, appellants and respondent entered into the lease here in question. The agreement provided for the leasing of the property for a term of fifty years from the date of transfer of possession, said date to be on or before September 1, 1976.[1]

Appellants later refused to perform in accordance with the lease. Respondent commenced this action to determine the validity of the terms of the lease. The case was presented to the district court upon a stipulation of facts. After both parties filed motions for summary judgment, the district court granted summary judgment for Mountain States, declaring the lease valid and enforceable, and authorized issuance of a writ of mandate.

The City of Boise and its mayor, Jay Amyx, have appealed from the decision of the district court. Appellants allege that

---

1. Some pertinent provisions in this lease include: (1) Reservation of the right to occupy the property by the City of Boise until September 1, 1976; (2) Deposit of $250,000 as prepaid rent; (3) Procedure for sale of the property.

the district court erred in holding that: (1) the lease property will not be needed for City purposes after September 1, 1976; (2) the City could lease property now occupied, needed or used for public purposes; (3) the City could find that property would not be needed in futuro for City purposes; and (4) the lease was valid and enforceable.

■ The authority of a municipal corporation to lease City property is contained in I.C. § 50–1409, which provides in pertinent part:

"The mayor and council may, by resolution, authorize the lease of any property not needed for city purposes, upon such terms as may be just and equitable. * * *"

As noted in the Idaho case of Oregon Short Line Railroad Co. v. Village of Chubbuck:[2]

"Municipal corporations can exercise only such powers as are expressly granted or necessarily implied from the powers granted; doubt as to the existence of powers, must be resolved in favor of the granting power."[3]

I.C. § 50–1409 does not prohibit a city council from deciding that property will not be needed at some future date. The statute reads "property not needed for city purposes," *not* "property not *presently* needed for city purposes." Whether property will or will not be needed for city purposes, presently or in the future, is within the power of the City Council to decide. This Court, pursuant to its power to examine delegated legislative power,[4] sees no violation or overreaching of the grant of authority and power.

■ The general rule is that a municipality may lease its property to a private concern when the lease does not conflict with the public's use or need for the property.[5] As already noted, the City Council stated in Resolution 1743 that the present property is not needed for city purposes, subject to right of occupation during a transition period. It has been stated that a city may execute a lease of city property under one city government to take effect, in futuro, under another city government, or a lease the term of which extends beyond the term of office of the present city authorities.[6]

This decision is concerned with the lease between appellants and respondent, and makes no ruling concerning the validity of the specific sales provisions contained in the lease. There is no issue in the present case concerning the enforceability of the sale provisions contained in the lease.

Appellants did not raise any constitutional issues on appeal, although respondent cites authority to support the constitutionality of the City Council's action in adopting the lease. Since appellants do not contest the constitutionality of the Council's actions in making the lease, this Court need not pursue the matter.

■■ The district court did not err in finding that the lease here in question was valid and enforceable. The City had the power to find that the property would not be needed at a set future date even though it was presently in use.

The judgment of the district court is affirmed. Costs to respondent.

DONALDSON, C. J., and SHEPARD, McFADDEN, and BAKES, JJ., concur.

2. 83 Idaho 62, 357 P.2d 1101 (1960).

3. *Id.*, 83 Idaho at 65, 357 P.2d at 1103.

4. Reynolds Construction Co. v. County of Twin Falls, 92 Idaho 61, 437 P.2d 14 (1968); Larsen v. Village of Lava Hot Springs, 88 Idaho 64, 396 P.2d 471 (1964); Rowe v. City of Pocatello, 70 Idaho 343, 218 P.2d 695 (1950).

5. Hansen v. Kootenai County Bd. of County Commissioners, 93 Idaho 655, 661, 471 P.2d 42 (1970); *see also* 10 McQuillin, Municipal Corporations, § 28.42, p. 124 (3d ed. 1966).

6. 10 McQuillin, Municipal Corporations, § 28.42, p. 133 (3d ed. 1966).