579 P.2d 694

The STATE of Idaho ex rel. John V. EVANS, Governor, Wayne L. Kidwell, Attorney General, Roy Truby, Superintendent of Public Instruction, Joe R. Williams, Auditor, and Pete T. Cenarrusa, Secretary of State, as the State Board of Land Commissioners, and Gordon C. Trombley, Commissioner of Public Lands, Plaintiff-Appellant and Cross-Respondent,

v.

SPOKANE INTERNATIONAL RAILROAD COMPANY, a Washington Corporation, Defendant-Respondent and Cross-Appellant.

No. 12461.

Supreme Court of Idaho.

May 31, 1978.

Wayne L. Kidwell, Atty. Gen., L. Mark Riddoch, Asst. Atty. Gen., Boise, for plaintiff-appellant and cross-respondent.

Fred W. Gilbert of Hamblen, Gilbert & Brooke, P.S., Spokane, Wash., Ray T. Greene of Greene & Hunt, Sandpoint, for defendant-respondent and cross-appellant.

DONALDSON, Justice.

In 1908 the State of Idaho executed a warranty deed granting a 200' easement or right-of-way across school endowment land to the defendant-respondent, Spokane International Railroad Company (hereinafter "Spokane"). In 1923, the State of Idaho executed a second warranty deed which extended the easement 100', making the easement 300' wide. The easement was granted for the purpose of constructing and maintaining a railroad track roadbed and Spokane has maintained a railroad track over the easement since 1908.

Between 1968 and 1972, Spokane removed gravel and fill material from an area within the boundaries of the easement. Spokane used approximately 55,000 cubic yards of this material for maintaining and improving railroad track roadbed located outside the boundaries of the state granted easement.

On October 27, 1972, the State of Idaho commenced this action against Spokane alleging wrongful trespass and appropriation because of the excavation of the gravel and fill material. The state sought $8,270 in damages and an injunction preventing Spokane from future excavation. Spokane answered the complaint admitting it had removed a quantity of material from the easement but contending that it was entitled to do so pursuant to the deeds received from the state. On August 3, 1973, the parties filed a stipulation with the district court which allowed Spokane to continue to remove material from the easement provided Spokane paid into court 15¢ for each cubic yard of material removed in 1973 and thereafter until the termination of this action. Since that time, Spokane has removed 34,210 cubic yards of material.

The parties thereafter prepared and submitted to the district court an "Agreed Statement of Material Facts" relevant to the issue of liability and both parties moved for summary judgment on this issue. The district court entered an order granting the state's motion for summary judgment. The district court held that the deeds conveyed only an easement to Spokane and not fee simple title. The district court held that no interpretation of the deeds or other evidence before it warranted a finding that the easement could be used as a source of gravel and fill material for improving Spokane's entire railroad system.

The action then proceeded to trial on the issue of damages. The district court concluded that the proper measure of damages was the value of the gravel in place. The district court held, however, that the fair market value of the gravel in place should not exceed the fair market value of the total area of land disturbed by the excavation operations. The district court found that 3.9 acres of state land had been affected by the excavation operations and that the fair market value of the land was $200 per acre. The district court awarded the state $780 in damages ($200 times 3.9).

The state filed this appeal claiming that the district court applied the wrong measure of damages. The state argues that the proper measure of damages for the 55,000 cubic yards of material removed prior to 1973 should have been the royalty rate set by the State Board of Land Commissioners or 10¢ per cubic yard and the proper measure of damages for the 34,210 cubic yards of material removed after 1973 should have

been the stipulated price of 15¢ per cubic yard.

Spokane filed a cross-appeal, claiming that the district court erred in granting the state's motion for summary judgment on the issue of liability and by not granting Spokane's motion for summary judgment on this issue.

Two issues are presented. First, regarding liability, did Spokane have the right to remove gravel and fill material from the area within the boundaries of the easement for maintaining track outside the easement. Second, assuming Spokane did not have the right to remove material for this purpose, what is the proper measure of damages.

We affirm the district court on both issues.

## I

### LIABILITY

■ Spokane cites us to numerous cases which it argues supports its contention that gravel and fill material could be excavated from the easement and used outside the easement for the purpose of maintaining and upgrading railroad track. *Kansas City Southern Ry. Co. v. Marietta Oil Corp.*, 102 F.2d 603 (5th Cir. 1939); *Midland Valley R. Co. v. Sutter et al.*, 28 F.2d 163 (8th Cir. 1928); *Earlywine v. Topeka, S. & W. Ry. Co.*, 43 Kan. 746, 23 P. 940 (1890); *Oregon Short Line R. Co. v. City of Mountain Home*, 93 Idaho 494, 465 P.2d 105 (1970); *New Orleans, B.R., V. & M.R. Co. v. Brown*, 64 Miss. 479, 1 So. 637 (1887). These cases do not support this contention but rather support the conclusion reached by the district court. They indicate that material can be taken from the right-of-way to the extent necessary to construct the original roadbed and establish the original track roadbed grade and also to maintain the track roadbed on the easement. These cases do not indicate, however, that the land within the boundaries can be used as a source of gravel and fill material for the entire track system. The district court correctly concluded that Spokane was liable for damages.

## II

### DAMAGES

The state argues that regardless of the proper measure of damages for the material taken prior to 1973, Spokane must pay 15¢ per cubic yard for the 34,210 cubic yards removed subsequent to the stipulation. The stipulation stated, in pertinent part, that Spokane would

> pay into the registry of the court, promptly following extraction, monies at the rate of 15 cents per cubic yard for gravel and fill materials removed during 1973 and thereafter until termination of this litigation . . . .

> .  .  .  .  .

> That this stipulation shall in no wise prejudice the position of Plaintiff or the position of Defendants in the merits of this civil action.

■ The district court correctly concluded that Spokane was not obligated to pay 15¢ for each cubic yard of material removed after the stipulation. The stipulation specifically states that it is not to prejudice the position of the parties on the merits of the case. Had the parties intended that Spokane pay 15¢ per cubic yard for this material, regardless of the proper measure of damages for the removal, the stipulation should have so stated. Thus, the same measure of damages applies to all material removed, either before or after the stipulation.

We turn to the district court's conclusion that the proper measure of damages in this case is limited to the fair market value of the land disturbed by the excavation. We agree with the district court.

■ There are several different measures of damages for the wrongful taking of earth, gravel, sand, and fill material from land. *See* Annot., 1 A.L.R.3d 801, 803 (1950); Restatement of Torts § 929 (1939). One of the measure of damages is the value of the material removed. This measure of damages breaks down into two subsections, i.e. value of material in place and value of

material after it has been removed. If the material has been taken in good faith, without malicious intent and non-willfully, the injured party can recover only the value of the material in place. This measure of damages in a non-intentional trespass situation has been previously articulated and adopted by this Court. *Ringele v. Terteling*, 78 Idaho 431, 305 P.2d 314 (1956). The district court specifically found that the removal of gravel by Spokane was in good faith and correctly concluded that the proper measure of damages was the value of the material in place. The district court also correctly concluded that the proper measure of damages should be the fair market value of the land disturbed by the removal.[1] The district court's award of damages is affirmed.

No costs awarded.

SHEPARD, C. J., and McFADDEN, BAKES and BISTLINE, JJ., concur.

---

1. The land which is the subject of this appeal is somewhat peculiar. It is located in an isolated, non-populated area. It is not useful for agriculture purposes or industrial purposes, other than as a source for gravel and fill material for the railroad. In addition, the evidence indicates and the district court found that a large area surrounding the land in question, and that much of northern Idaho, is suitable as a source for gravel and fill material. As a consequence of these factors, the value of gravel is low and the fair market value of land is low.