(May 24, 1915.)

## LEWIS SANDERS, Appellant, v. CITY OF COEUR D'ALENE and FRED E. WANNACOTT, *Ex-officio* Tax Collector, Respondents.

[149 Pac. 290.]

AMENDMENTS—STATUTES—EXTENSION CITY LIMITS—LANDS CONTIGUOUS TO—VALID ORDINANCE.

1. Sec. 9 of the act of Feb. 9, 1899 (Sess. Laws. 1899, p. 109), was not amended or repealed, either directly or by implication, by the act of March 8, 1905 (Sess. Laws 1905, p. 391), prescribing the method for annexing adjacent territory to cities, towns or villages.

2. *Held,* that under the facts of this case, where it appears that the right of way of the Inland Empire Railway Company, 200 feet in width, intervened between the city of Coeur d'Alene and the Taylor Park Addition to Coeur d'Alene, the territory sought to be annexed, at the time the annexation ordinance was passed on July 26, 1907, said territory came properly within the purview of contiguous or adjacent territory under the provisions of said sec. 9 of the act of 1899, and was at that time legally annexed to the city of Coeur d'Alene. (*Hatch v. Consumers' Co., Ltd.,* 17 Ida. 204, 218, 104 Pac. 670, 40 L. R. A., N. S., 263, cited and followed.)

APPEAL from the District Court of the Eighth Judicial District for Kootenai County.   Hon. Robert N. Dunn, Judge.

Action to perpetually enjoin collection of tax on property in an annexed district.   Judgment for respondent.   *Affirmed.*

E. N. La Veine and W. F. Morrison, Jr., for Appellant.

Noncontiguous territory cannot be annexed. (28 Cyc. 193, 194; *Truax v. Pool*, 46 Iowa, 256.)

This question was set at rest by the leading case of *Forsythe v. Hammond*, 142 Ind. 505, 40 N. E. 267, 41 N. E. 950, 30 L. R. A. 576. In the latter case the right of way of the Chi. Calumet etc. Co. separated a strip of land sought to be annexed by the city of East Chicago. The proceedings were regular and in all other respects valid, but the court held that that one feature defeated the validity of the proceedings. (*Indianapolis v. McAvoy*, 86 Ind. 587; *Strosser v. Fort Wayne*, 100 Ind. 443; *Indianapolis v. Patterson*, 112 Ind. 344, 14 N. E. 551.)

Where a later act covers the whole subject matter of earlier acts and embraces new provisions, and it plainly appears that it was intended not only as a substitute for the earlier acts, but to cover the whole subject then considered by the legislature, and to prescribe the only rules in respect thereto, it operates as a repeal of all former statutes relating to the same subject matter, even if the former acts are not in all respects repugnant to the new act. (36 Cyc. 178, 1080; *People v. Lytle*, 1 Ida. 143; *Dillon v. Bicknell*, 116 Cal. 111, 47 Pac. 937; *Treadwell v. Yolo Co.*, 62 Cal. 563; *Charnock v. Rose*, 70 Cal. 189, 11 Pac. 625; *Hanley v. Sixteen Horses*, 97 Cal. 182, 32 Pac. 10; *Ex parte Benjamin*, 65 Cal. 310, 4 Pac. 23; *Baer v. Choir*, 7 Wash. 631, 32 Pac. 776, 36 Pac. 286; *Journal Pub. Co. v. Whitney*, 97 Cal. 283, 32 Pac. 237; *Mendocino Co. v. Mendocino Bank*, 86 Cal. 255, 24 Pac. 1002; *State v. Carbon Hill Coal Co.*, 4 Wash. 422, 30 Pac. 728; *McDermott v. Nassau Elect. R. Co.*, 85 Hun, 422, 32 N. Y. Supp. 884.)

McNaughton & Berg, for Respondents.

That part of the act of 1899 relative to extending the corporate limits was construed by this court in the case of *Hatch v. Consumers' Company*, reported in 17 Ida. 204, 104 Pac. 670, 40 L. R. A., N. S., 263, which involved the annexation of

Krotzer's addition to the city of Coeur d'Alene, which addition was annexed in 1904.

The Minnesota court has given a very able discussion of the words "contiguous" or "adjacent" where used in the same relation as in this case, but unaided by any statutory enactments. (*State v. Village of Minnetonka,* 57 Minn. 526, 59 N. W. 972, 25 L. R. A. 755.)

BUDGE, J.—The appellant commenced this action in the district court of the eighth judicial district of Kootenai county, to perpetually enjoin the city of Coeur d'Alene, a municipal corporation, and Fred E. Wannacott, assessor and *ex-officio* tax collector of Kootenai county, respondents, from enforcing the collection of a special city tax levied against the property of the appellant, which, with the penalty and costs, amounts in all to $16.96. The facts in this case were stipulated and submitted to the court, a jury being expressly waived. Judgment was entered in favor of respondent. This is an appeal from the judgment.

As the facts stipulated are somewhat voluminous, we do not think it is necessary to set them out *in haec verba.* They recite that the plaintiff is a citizen of the United States; the defendant is a municipal corporation, and Fred E. Wannacott was, at the times mentioned in plaintiff's complaint, the assessor and *ex-officio* tax collector of Kootenai county.

That in the year 1903 the Coeur d'Alene & Spokane Railway acquired from the federal government, through Fort Sherman reservation, a right of way to the extent of 200 feet in width, and in addition thereto twenty acres of the public domain for terminal grounds and station purposes; and since acquiring this property, said railway company and its successor, the Spokane & Inland Empire Railway Company, have continuously used the same for the maintenance and operation of their terminals, railway tracks and trains, carrying passengers from Spokane, Washington, and Coeur d'Alene, Idaho, to intermediate points.

That prior to 1903, the defendant, a municipal corporation, known as the village of Coeur d'Alene, was situated wholly on the east side of said railway right of way.

That in 1905, the United States government caused said Fort Sherman Military Reservation to be subdivided into lots, tracts and parcels, which were sold at public auction, except the terminal grounds and right of way of said railway company.

That there is and has been a road, known as the Mullen Road, extending across said railway right of way and terminal grounds, connecting with First street in Coeur d'Alene on the east side and the city park on the west side of the railway grounds, which is being used as a highway to connect the two portions of the city.

That on the 26th day of July, 1907, defendant duly passed, approved, published and recorded ordinance No. 215, which is the ordinance in question in this action, for the purpose of extending the boundaries of the city of Coeur d'Alene by annexing thereto certain property lying *west* of the right of way and grounds of said railway company, including the property of the appellant herein.

That on the 26th day of July, 1907, when the ordinance in question was passed, the city of Coeur d'Alene extended to the easterly line of the railway right of way and station grounds, and that said right of way and station grounds stood between the city of Coeur d'Alene as it then existed and the property contiguous or adjacent to the property in dispute.

That the owners of the tracts and parcels of land on the west side of said railway right of way, caused a survey to be made of lot 15 and the south half of lots 16 and 17, Sec. 14, Twp. 50 N., Range 4 West, B. M., in said Fort Sherman Military Reservation, and had a plat prepared and filed. And also dedicated streets and alleys within said subdivisions. This tract was thereafter known, and is now known, as Taylor's Park Addition to the city of Coeur d'Alene, in which appellant's lot is situated.

The city of Coeur d'Alene, for the year 1911, caused a special city tax to be levied upon and against the property of the appellant, which was certified to the county assessor of Kootenai county for collection, and which, with penalty to

date of filing the complaint, amounted to $5.75. This tax appellant has refused to pay.

It is further stipulated that the city of Coeur d'Alene, since the passage of ordinance No. 215, has levied and collected taxes on all property which said ordinance annexed to the city and has incurred bonded indebtedness for improvements, a considerable portion of which was for costs and expenses of constructing crossings, drains, cross-walks and curbs in said Taylor Park Addition.

That said territory included in said ordinance and lying west of said right of way has been represented in the city council of said city by one or more councilmen each year since said ordinance was passed.

Counsel for appellant makes five assignments of error. There is, however, but one question involved in this case, which is properly assigned under counsel's third assignment of error, viz., ''The court erred in making and entering its decree in favor of respondent and against appellant, decreeing that lot 22, of block 2, Taylor's Park [addition to the city of Coeur d'Alene], Kootenai county, Idaho, is a part of the city of Coeur d'Alene and has been a part of the city of Coeur d'Alene since the 26th day of July, 1907; that it is subject to municipal taxes and all municipal taxes legally levied against it for the year 1911.''

As appears from the statement of facts, during the month of July, 1907, the city of Coeur d'Alene enacted ordinance No. 215, whereby it annexed to the city of Coeur d'Alene all the tracts and parcels of land including the property of the appellant, lying west of the right of way and terminal grounds of said railway company.

It is contended by counsel for appellant that appellant's property lying west of the right of way and terminal grounds of the Spokane & Inland Empire Railway Company is not adjacent or contiguous to the property included within the city limits of the city of Coeur d'Alene to the eastward of said railway right of way and, therefore, is not subject to annexation to said city under the statutes of this state; that the fee in said terminal grounds and right of way is in the United .

States government and is not subject to be subdivided, platted and disposed of; and that the action of the city of Coeur d'Alene in attempting to annex the property of the plaintiff, together with other property lying west of the right of way of said railway company by ordinance No. 215 of July 26th, 1907, was void.

It therefore becomes necessary for us to advert to the statutes in force at the time of the passage and approval of said ordinance, in order to determine its validity.

It is urged by counsel for appellant that the Session Laws of 1905, at page 391, which amend in part the Session Laws of 1899, pages 106 to 110, by implication also amend section 9 of the Session Laws of 1899, page 109. Upon examination, we find that sec. 9 of the Sess. Laws of 1899, p. 109, which provides: "When land or territory shall be, or shall have been, laid off, subdivided or platted into lots or blocks, and such lots or blocks shall be, or shall have been, for the purpose of sale or otherwise subdivided into small lots or parcels, such smaller lots or parcels shall be treated or regarded as lots or blocks within the meaning of the two preceding sections; and land or territory laid off or subdivided, as in said sections described, shall be regarded and treated as contiguous to such city or town, *notwithstanding any stream or embankment or any strip or parcel of land not more than two hundred feet in width may be or lie between such land or territory and the corporate limits of such city or town,*" was not amended or repealed by the Session Laws of 1905, page 391, or 1907, page 309; nor was said section 9 of the 1899 Session Laws referred to or amended, expressly or by implication, in any of the subsequent Session Laws. Neither was it compiled and made a part of the codes by the code commissioner in 1909. There are no subsequent statutory enactments that contain any provisions which in any way conflict with, or are repugnant to, said section 9. Later enactments amending Session Laws of 1899, pages 108 and 109, empowered municipalities to annex tracts containing less acreage than formerly provided and made other minor changes; but the provisions of the law affecting contiguous and adjacent lands, as provided in sec.

9, Sess. Laws 1899, as above mentioned, were not changed in any manner.

We do not deem it necessary, at this time, to determine whether the adoption by the legislature of the codes of 1909 repealed section 9 of the Session Laws of 1899, page 109. Suffice it to say, that at the date of the enactment of ordinance No. 215 by the city council of Coeur d'Alene (July 26th, 1907), said section 9 was in full force and effect and said ordinance must be deemed to have been passed and adopted in pursuance of said section. In our opinion, the case of *Hatch v. Consumers' Co., Ltd.,* 17 Ida. 204, 218, 104 Pac. 670, 40 L. R. A., N. S., 263, is decisive of this case.

It is conceded in the stipulation of facts that the right of way dividing the main portion of the city of Coeur d'Alene from the west portion or subdivision thereof is 200 feet in width. The contention of appellant, therefore, is answered by the provisions of sec. 9 of the Sess. Laws 1899, p. 109, heretofore quoted.

It is therefore ordered that the judgment of the trial court be affirmed, with costs awarded to respondent.

Sullivan, C. J., and Morgan, J., concur.