256 P.2d 1072

## HILLMAN v. CITY OF POCATELLO.

No. 7953.

Supreme Court of Idaho.

May 5, 1953.

70

Black, Black & Oliver, Pocatello, for appellant.

Ben Peterson, Pocatello, for respondent.

KEETON, Justice.

On July 5, 1947, the City Council of the City of Pocatello passed Ordinance No. 1060 which attempted to annex to the City the property involved herein. The ordinance recites that the land so attempted to be annexed lies adjacent and contiguous to the City, and that the action so taken by the Mayor and City Council was at the request of the owners of the land.

This action was brought by the owner of the land so attempted to be annexed to secure a decree that said Ordinance No. 1060 is void, and the real property described therein is not a part of, or within the corporate limits of the City. On issues joined the land in question was found by the trial court to be 1,500 feet north from the limits of the City at the closest point, at the time the ordinance was passed, and decreed it to be a part and parcel of Pocatello on the

theory that it was adjacent thereto. From this decree plaintiff appealed.

Appellant contends that the land in question was not subject to annexation for the reason the land did not lie adjacent or contiguous to the City.

Authority to annex land to incorporated cities and villages is provided for in Sec. 50–303, I.C. which grants cities the power to extend boundaries to include land "lying contiguous or adjacent to any city".

■ Cities, towns and villages have the power to annex additional territory only under the conditions, restrictions and limitations which the legislature has imposed. Boise City v. Baxter, 41 Idaho 366, 238 P. 1029.

■ The fundamental conception of a city or village is that it is a collective body of inhabitants, gathered together in one mass, with recognized and well-defined external boundaries which gather the persons inhabiting the area into one body, not separated by remote or disconnected areas. In its territorial extent, the idea of a city, town or village is one of unity and of continuity, not separated or segregated areas.

■ Under statutes authorizing a city or village, under prescribed conditions, to annex adjacent or contiguous territory to the muncipality, such statutes have been generally construed to include only contiguous or conterminous territory. The words "adjacent" and "contiguous" so used must be construed to have a meaning in their primary and obvious sense, and the territory to be annexed must be adjoining, contiguous, conterminous or abutting. In other words "adjacent" as used in the statute means connected with and does not contemplate that a city or village should be divided into noncontiguous parts or separated areas. 37 Am.Jur. 644, Sec. 27; Petitioners of School District No. 9 v. Jones, 193 Okl. 9, 140 P.2d 922; In re Sadler, 142 Pa. 511, 21 A. 978; City of Ada v. Whitaker, 202 Okl. 249, 212 P.2d 482; City of Wink v. Wink Gass Co., Tex.Civ.App., 115 S.W.2d 973 (Syl. 16); City of Denver v. Coulehan, 20 Colo. 471, 39 P. 425, 27 L.R.A. 751; Chicago & N. W. R. Co. v. Oconto, 50 Wis. 189, 6 N.W. 607, 36 Am.Rep. 840, 62 A.L.R. 1015; Barton v. Stuckey, 121 Okl. 226, 248 P. 592; Forsythe v. City of Hammond, 142 Ind. 505, 40 N.E. 267, 41 N.E. 950, 30 L.R.A. 576; State ex rel. Young v. Gilbert, 107 Minn. 364, 120 N.W. 528; McLemore v. Yocona Tallahatchie Drainage Co., 129 Miss. 97, 91 So. 390.

It was never intended that the word "adjacent" as used in the statute could be construed to mean a remote territory having no connection with the village or city. In the case before us the land sought to be annexed was neither contiguous nor adjacent. Further, there were approximately 1,500 feet of land of the same character lying between the City and the piece sought to be annexed.

Subsequent to the enactment of the ordinance in question, there were no rights es-

tablished or rights of third parties affected, or any detriment to others shown by the jurisdiction which the City exercised over the land in question. In this respect the facts before us differ from those presented in Canady v. Coeur d'Alene Lbr. Co., 21 Idaho 77, 120 P. 830. The case of Sanders v. City of Coeur d'Alene, 27 Idaho 353, 149 P. 290, was decided under a statute then in effect permitting the annexation of territory not more than 200 feet from the corporate limits of a city, and does not conflict with the views herein expressed.

 We conclude that the Mayor and City Council of the City of Pocatello did not have authority or power to pass the ordinance in question, hence the same is void.

The ordinance when passed being void, it remains void, and it cannot be given life or effect by acts or conduct of appellant. Under the facts presented the appellant is not estopped to challenge the ordinance. The cases of Brady v. Place, 41 Idaho 747, 242 P. 314, 243 P. 654; Taylor v. Girard, 54 Idaho 787, 36 P.2d 773; and Henderson v. Twin Falls County, 59 Idaho 97, 80 P.2d 801 holding that one taking advantage of a statute cannot challenge its validity, are not applicable to the facts presented. There being no authority for the enactment of the ordinance in question, it never had and does not now have any validity. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; 11 Am.Jur. 827, Sec. 148.

The judgment is therefore reversed and the decree of the District Court ordered set aside. The trial court is ordered to enter judgment for plaintiff as prayed for in the complaint. Costs to appellant.

PORTER, C. J., and TAYLOR, J., concur.

GIVENS and THOMAS, JJ., concur in the conclusion reached.