284 P.2d 414

Gregg R. POTVIN, Prosecuting Attorney
tor Power County, State of Idaho,
Plaintiff-Respondent,

v.

The VILLAGE OF CHUBBUCK, Idaho, a
Municipal Corporation of the State of Ida-
ho; John R. Valenty, Chairman of the
Board of Village Trustees of the Village
of Chubbuck, Idaho; Willis Ward, Lionel
Hansen, Ernest Frasure and Art Fenwick,
Members of the Board of Village Trus-
tees of the Village of Chubbuck, Idaho;
Last Frontier, Inc., an Idaho Corporation;
Charles H. Pizer, Secretary of Last Fron-
tier, Inc.; and C. Viner, Clerk of the
Board of Village Trustees of the Village
of Chubbuck, Idaho, Defendants-Appel-
lants.

No. 8297.

Supreme Court of Idaho.

June 14, 1955.

Black, Black & Oliver and R. M. Whittier, Pocatello, for appellants.

Gregg R. Potvin, American Falls, for respondent.

As Modified On Denial Of Petition For Rehearing

ANDERSON, Justice.

October 12, 1954, the Village of Chubbuck, Bannock County, Idaho, passed Ordinance No. 30 annexing approximately 2½ acres in Power County, owned by J. E. McNichols and wife and known as the Last Frontier property. It is connected to the Village through a corridor strip or shoestring about three miles long and five feet wide, mostly within a public highway. The total acreage, including the strip, is less than five acres.

November 18, 1954, Gregg R. Potvin, Prosecuting Attorney for Power County, State of Idaho, filed a complaint for a declaratory judgment under R10–1202, I.C., against the Village and its officials and against Last Frontier, Inc., an Idaho corporation, contending that Ordinance No. 30 is invalid and void and does not conform to the provisions of Section 50–303, I.C., in that portions of the tract have not been laid off into lots or blocks containing not more than five acres each, nor have they been sold or begun to be sold off by metes and bounds in tracts not exceeding five acres; that certain portions of said strip purport to annex part of the public roads and highways belonging to the State of Idaho, and that the annexed land is neither contiguous nor adjacent to the Village of Chubbuck, Idaho, and that it lies in a different County from the Village.

The complaint alleges that respondent (plaintiff) is the duly elected prosecuting attorney of Power County, Idaho, and sets out certain of his duties and requests a declaratory judgment in order for respondent, *and his successors in office, as prosecuting attorney of Power County,* to de-

termine and know his duties and obligations as such, relative to prosecution of persons who may make sales of intoxicating liquor by the drink at retail upon said Last Frontier property, and the validity and propriety of said Ordinance No. 30 of the Village of Chubbuck.

The evidence in this case discloses that the McNichols had resided on the property the past six years and he testified no intoxicating liquor had been sold during that time. There is no evidence as to plans for future sales.

The trial court held there was no justiciable controversy existing between respondent and appellants on which the court could enter a declaratory judgment. Nevertheless, the trial court held respondent had sufficiently plead a suit in quo warranto to demand by what authority respondent claimed said Ordinance No. 30 to be invalid.

The court held that Ordinance No. 30 was invalid, as the Last Frontier land was not contiguous or adjacent to the Village of Chubbuck, nor was it platted, nor did said Ordinance comply with Section 50–303, I.C., in other respects.

■ Appellants (defendants) contend that respondent is not the proper party to bring the action in this case and cites Toncray v. Budge, 14 Idaho 621, 642, 95 P. 26, wherein it was held the action must be brought in the name of the people of the State on the relation of either the prosecuting attorney or the attorney general.

We are of the opinion the complaint shows this action is not brought by respondent as an individual, as it was in the Toncray case, but in his official capacity for and on behalf of the people of Power County, as prosecuting attorney and therefore for the people of the State.

■■ A quo warranto proceeding could be maintained, Section 6–602, I.C. Quo warranto proceedings are not the exclusive remedy for testing validity of annexation. City of Anaheim v. City of Fullerton, 102 Cal.App.2d 395, 227 P.2d 494; see also 18 A.L.R.2d 1255 Annotation.

Section R10–704, Idaho Code, provides:

"The relief granted to the plaintiff, if there be no answer, can not exceed that which he shall have demanded in his complaint; but in any other case the court may grant him any relief consistent with the case made by the complaint embraced within the issue."

No attack has been made as to the regularity and the adoption of Ordinance No. 30. The Section of the statute under which the validity of the Ordinance is being contested is 50–303, I.C., which provides:

"Whenever any land lying contiguous or adjacent to any city, town or village in the state of Idaho, or to any addition or extension thereof, shall be, or shall have been, by the owner or proprietor thereof, or by any person by or with the owner's authority or acqui-

escence, laid off into lots or blocks, containing not more than five acres of land each, whether the same shall have been, or shall be, laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, it shall be competent for the council or board of trustees, as the case may be, by ordinance, to declare the same, by proper legal description thereof, a part of such city, town or village."

In passing, it is noted that this statute has been amended by Senate Bill No. 184, 1955 Legislature, which will become effective May 4, 1955.

In the case of Hillman v. City of Pocatello, 74 Idaho 69, at page 71, 256 P.2d 1072, Justice Keeton, speaking for this Court, stated:

"Cities, towns and villages have the power to annex additional territory only under the conditions, restrictions and limitations which the legislature has imposed. Boise City v. Baxter, 41 Idaho 368, 238 P. 1029.

"The fundamental conception of a city or village is that it is a collective body of inhabitants, gathered together in one mass, with recognized and well-defined external boundaries which gather the persons inhabiting the area into one body, not separated by remote or disconnected areas. *In its territorial extent, the idea of a city, town or village is one of unity and of continuity, not separated or segregated areas.* [Emphasis added.]

"Under statutes authorizing a city or village, under prescribed conditions, to annex adjacent or contiguous territory to the municipality, such statutes have been generally construed to include only contiguous or conterminous territory. The words 'adjacent' and 'contiguous' so used must be construed to have a meaning in their primary and obvious sense, and the territory to be annexed must be adjoining, contiguous, conterminous or abutting. *In other words 'adjacent' as used in the statute means connected with and does not contemplate that a city or village should be divided into noncontiguous parts or separated areas.* (Cases cited.)" (Emphasis added.)

37 Am.Jur. 644, 645, Municipal Corporations No. 27, reads as follows:

"* * * The legal as well as the popular idea of a municipal corporation in this country, both by name and use, is that of oneness, community, locality, vicinity; a collective body, not several bodies; a collective body of inhabitants—that is, a body of people

collected or gathered together in one mass, not separated into distinct masses, and having a community of interest because residents of the same place, not different places. So, as to territorial extent, the idea of a city is one of unity, not of plurality; of compactness or contiguity, not separation or segregation. * * * While the general rule is that land cannot be annexed to a city or town unless it is contiguous thereto, it is not necessary that each and every tract of land sought to be annexed shall be contiguous to the municipality. If all of the tracts are contiguous to each other, and one of them is contiguous to or adjoins the municipality, that is sufficient."

37 Am.Jur.1954 Supp. p. 55, Municipal Corporations No. 27, states:

"* * * Attempts to annex outlying territory to a municipality by the device of a connecting, narrow, shoestring strip of land are looked upon with disfavor by the courts.

"The use of a strip of land 50 feet wide and 3,060 feet long connecting outlying territory to the main point of an incorporated town does not constitute contiguity under a statute authorizing annexation, the use of such strip being a mere subterfuge, and not a compliance with the law. Clarke v. Holt, 218 Ark. 504, 237 S.W.2d 483."

In the case of Wild v. People, 227 Ill. 556, 81 N.E. 707, 708, the Court, in discussing a corridor strip, stated:

"It is apparent that the 50-foot strip is merely included for the purpose of connecting the piece of ground at the west end thereof with other territory in the village. It is also apparent that the piece of ground at the west end of the strip is not in fact contiguous to grounds in the village other than that strip. The use of that strip to connect the tract at its western extremity with other territory in the village is a mere subterfuge, and not a compliance with the law. It is useless to discuss the plea farther."

In the case of State ex rel. Bibb v. City of Reno, 64 Nev. 127, 178 P.2d 366, at page 370, the Court stated:

"The map and other exhibits attached to the complaint show that only a small part of relators' lands is contiguous to Reno. The statute does not in words require that annexed areas be contiguous to a city. However, as showing again that the statute must be construed to have a reasonable meaning, similar statutes are construed to mean that non-contiguous lands cannot be annexed. Among the cases so holding are: Chicago & N. W. Railway Co. v. Town of Oconto, 50 Wis. 189, 6 N.W. 607, 36 Am.Rep. 840; [City of] Indianapolis v. McAvoy, 86 Ind. 587; [City of] Denver v. Coulehan, 20 Colo. 471, 39 P. 425, 27 L.R.A. 751; [Village

of] Morgan Park v. [City of] Chicago, 255 Ill. 190, 99 N.E. 388; Cole v. City of Watertown, 34 S.D. 69, 147 N.W. 91.

\* \* \* \* \* \*

"Upon the facts stated in the complaint, the annexation of relator's lands by the city of Reno is invalid because it is arbitrary, unjust, unreasonable, unnecessary and in violation of due process. The said statute of 1945 is not unconstitutional, but we believe respondents' application of it as to relators' land does violate due process. \* \* \* "

Headnotes in the case of State ex rel. Danielson v. Village of Mound, 234 Minn. 531, 48 N.W.2d 855, 856, which are supported by the opinion, state:

"18. Where main body of territory sought to be annexed to village was located about five-eighths of a mile from village and did not abut thereon except by an elongated stem which was used and occupied as a railroad right-of-way, and such right-of-way could not reasonably be used to provide annexed territory with usual village services by means of water, sewage, gas and electric connections, and policemen and firemen would be able to discharge their duties only by traveling in part outside of their normal jurisdiction, proposed annexation failed to provide a natural or practical connection between village and territory whereby area as whole could be adapted to maintenance of village government which could feasibly discharge as usual functions for benefit of all residents and therefore such annexation was improper. \* \* \*

"19. In providing that territory to be annexed to village must abut upon village, legislature intended that abutting should not only be to such an extent, but also of such a character, that it would so condition territory as properly to subject it to village government."

■ It is undisputed that the nearest point of the Village of Chubbuck to the property of the Last Frontier is approximately three miles, except for the intervening five-foot strip. The only apparent purpose of the strip is to provide a connecting link with the land actually sought to be annexed. For all practical purposes, a three-mile gap will divide the Village from the proposed addition and the essentials of contiguity and adjacency are lacking.

Since we have concluded that Ordinance No. 30 is void because the territory sought to be annexed is not contiguous or adjacent to the Village of Chubbuck, as required by Section 50–303, Idaho Code, we find it unnecessary to discuss other alleged irregularities.

Judgment is affirmed. Costs to respondent.

TAYLOR, C. J., and KEETON, PORTER and SMITH, JJ., concur.