375 P.2d 1001

Howard BATCHELDER and Helene Batchelder, husband and wife, et al., Plaintiffs-Appellants,

v.

CITY OF COEUR D'ALENE, a municipal corporation; Perry Christianson, its mayor; Marc Souther, Orville Kirking, Tom Emerson, Eben Wolters, Ray Fawcett, Ernest Wells, Sheldon Forrest and Jack Adams, its councilmen, Defendants-Respondents.

No. 9148.

Supreme Court of Idaho.

Nov. 2, 1962.

Thomas Mitchell, Coeur d'Alene, for appellants.

James T. Knudson, Coeur d'Alene, for respondents.

SMITH, Chief Justice.

This is an appeal from a judgment of the district court upholding the validity of Ordinance No. 1121, enacted by the city of Coeur d'Alene, annexing certain lands to the corporate limits of the city, excepting three parcels which the court disannexed, thus voiding the ordinance insofar as it attempted annexation of those three parcels. The judgment of disannexation of those three parcels was grounded on the theory that the owners never had subdivided nor begun to sell off the lands in parcels not exceeding five acres. I.C., § 50–303.

Appellants urge (1), that the disannexation of the three parcels from the area annexed, rendered the entire ordinance void; and (2), in the alternative, that if the ordinance is not void in entirety, it is void as to three other tracts of land which the trial court refused to disannex from the area annexed, i. e., as to the parcel owned by Howard Batchelder and Helene Batchelder, husband and wife, herein referred to as the Batchelder tract; the parcel owned by Orrin E. Lee and Luva J. Lee, husband and wife, herein referred to as the Lee tract, and the parcel owned by Harvey Mael and Maude E. Mael, husband and wife, herein referred to as the Mael tract.

We shall consider appellants' first contention that Ordinance No. 1121 is not severable and that therefore the judgment of the district court adjudging the ordinance void in part as to three parcels but valid as to the remainder of the tracts involved, renders the ordinance void in entirety. Contra to appellants' contention, respondents urge that although an ordinance annexing land is invalid as to tracts not subject to annexation, it is not void in entirety.

There is a close analogy between such issue and the familiar principle of constitutional law:

"* * * that when a statute is intended to accomplish a single purpose only, and some of its provisions are void, the whole must fail, unless sufficient remains to carry into effect the object of the statute without the void part." Ballentine v. Willey, 3 Idaho 496, 503, 31 P. 994, 996, 95 Am.St.Rep. 17 (1893).

In enacting Ordinance No. 1121, the city of Coeur d'Alene intended to accomplish the single purpose,—"* * * to annex property not theretofore within the municipal boundaries * * *." Boise City v. Boise City Development Co., 41 Idaho 294, 238 P. 1006. Such purpose is implicit in the legislation even though certain tracts included in the annexation were afterwards excluded.

In Oregon Short Line Railroad Co. v. Village of Chubbuck, 83 Idaho 62, 357 P.2d 1101, this Court directed reversal of a judgment insofar as an ordinance annexing lands to a municipality had attempted annexation to the corporate limits of the village of certain railroad lands, in that such lands had never been laid off or sold in tracts of less than five acres, thus not meeting either prerequisite statutory requirement of I.C., § 50–303. Continuing, this Court held:

"Municipal corporations can exercise only such powers as are expressly granted or necessarily implied from the power granted; doubt as to the existence of powers, must be resolved in favor of the granting power. State v. Frederic, 28 Idaho 709, 155 P. 977; Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353; Independent School Dist. No. 1 of Twin Falls County v. Continental Oil Co., 49 Idaho 109, 286 P. 360; O'Bryant v. City of Idaho Falls, 78 Idaho 313, 303 P.2d 672.

"Municipal corporations have power to annex additional territory only under the conditions, restrictions and limitations which the legislature imposes. Boise City v. Baxter, 41 Idaho 368, 238 P. 1029; Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072; Potvin v. Village of Chubbuck, 76 Idaho 453, 284 P.2d 414. If the essentials of the statute are lacking, the annexation ordinance is void. Hillman v. City of Pocatello, supra; Potvin v. Village of Chubbuck, supra."

We therefore hold that Ordinance No. 1121 of respondent city of Coeur d'Alene is valid though the judgment of the district court disannexed three parcels of land from the area annexed by the ordinance.

In approaching appellants' second contention, that the trial court erred in refusing to disannex from the area annexed, the Batchelder, Lee and Mael tracts, we quote the applicable portion of I.C., § 50–303, as follows—

"Annexation of adjacent territory.— Whenever any land lying contiguous or adjacent to any city, town or village in the state of Idaho, or to any addition or extension thereof, *shall be, or shall have been,* by the owner or proprietor thereof *or by any person or by or with the owner's authority or acquiescence,* laid off into lots or blocks, containing not more than five acres of land each, whether the same *shall have been, or shall be,* laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor, or any person by or with his authority, *has sold,* or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, it shall be competent for the council or board of trustees, as the case may be, by ordinance, to declare the same, by proper legal description thereof, a part of such city, town or village. * * *" (Emphasis supplied.)

No contention is advanced herein that the properties involved are not contiguous or adjacent to the city of Coeur d'Alene.

*Batchelder Tract:*

Appellants Batchelder sold from their lands parcels of less than five acres for the purposes of United States Highway No. 90. They assign as error the failure of the trial court to exclude their tract from the lands annexed by the ordinance, on the ground that a taking for highway purposes is not a sale as contemplated by I.C., § 50–303.

While these appellants raise the question by their assignment, they do not support it with authorities, nor argue it; therefore the assignment will not be considered. Supreme Court Rule 41; Zenier v. Spokane International Railroad Co., 78 Idaho 196, 300 P.2d 494; Coffin v. Cox, 78 Idaho 111, 298 P.2d 742; Jewett v. Williams, (Idaho 1962), 369 P.2d 590.

*Lee Tract and Mael Tract:*

Appellants Lee accumulated their tract, which exceeds five acres, by several purchases, the last during the year 1953, from different prior owners, in parcels of less than five acres each. It follows that such land had been at some time prior thereto sold or subdivided into parcels of less than five acres by the then owner.

Appellants Mael acquired their tract in three separate parcels of two acres each, and the same had earlier been platted by the previous owners into parcels of two acres each.

■ I.C., § 50–303 indicates by the words "shall have been" and "has sold," that the platting or sale by previous owners subjects the property to annexation. We are of the opinion that whenever land lying contiguous and adjacent to a municipality has been subdivided into lots or blocks containing not more than five acres, or has been subdivided or platted according to the laws of this State or has been sold in tracts not exceeding five acres, by the person or his authorized agent who was the owner of the land at the time of the subdividing, platting or selling, said land is thereafter subject to annexation under I.C., § 50–303, although the ownership of the land may have changed after the subdividing, platting or selling. Boise City v. Boise City Development Co., 41 Idaho 294, 238 P. 1006, held under I.C., § 50–303, that whenever any land lying contiguous or adjacent to a municipality shall have been dealt with by the owner in either of the two ways mentioned in the statute, the land may be annexed; the court then stated, "the word 'owner' in this connection and 'such lands' must refer not only to the portions, sold or platted but also to the portions remaining in the possession of 'the owner.'" In this case the Supreme Court also stated:

"* * * Where a city has grown to the extent that it has spread beyond its boundaries, or there has come to be adjacent or contiguous to it a settlement, community, or neighborhood to all intents and purposes a part and portion of the city, and in such adjacent community a property owner has, in the exercise of his proprietory rights platted or begun to sell in small tracts, thereby recognizing that his land has thus become urbanized, he has thereby placed his land in such a position that the city may determine whether it wants to annex such territory because needed for its continued expansion. * * *."

■ The foregoing reasoning applied to both the Lee and the Mael tracts renders them subject to annexation because in each instance the property has been subdivided, platted or sold in areas of less than five acres by the owners thereof at some time prior to the proposed annexation by the city of Coeur d'Alene.

■ While annexation of such property is authorized under I.C., § 50–303 as heretofore stated, such annexation must in addition be reasonable. Boise City v. Boise City Development Co., 41 Idaho 294, 238 P. 1006.

■ Although the Lee tract would be subject to a proper annexation ordinance, it was not, in our opinion, lawfully annexed, because the ordinance in question was unreasonable as applied to this tract. The east-west line fixed by the ordinance as the north boundary line of the tract annexed,

bisects certain buildings and contents thereof situate on Lee's property, so as in effect to bisect the business which Lee there conducts. In that regard, the following undisputed testimony of Mr. Lee appears:

"A. The city limit line intersects the projection booth of the drive-in theater, which is a building with an additional room on the back, and it cuts the generator of the theater into the city and the equipment of the theater outside the city. The line also extends west from there and bisects the snack bar or lunch room vicinity of the drive-in theater and leaving the rest rooms in the city and snack bar area where we serve people outside the city."

Such manner of division of the physical plant of Lee's business would create problems and result in confusion in the matter of assessment and levy of taxes for county and municipal purposes, as well as in management problems by the municipality of the properties, if allowed to be so divided. We therefore hold that the division of appellants Lee's property on the basis shown is unreasonable; and until and unless such property is divided in a reasonable manner so as not to bisect the buildings and assets of the business there conducted, that such tract must be excluded.

The judgment of the district court is affirmed as to appellants Batchelder and Mael; and reversed as to appellants Lee.

Appellants Lee are awarded their costs incurred, against respondent, City of Coeur d'Alene. Respondent City of Coeur d'Alene is awarded its costs incurred against appellants Batchelder and Mael.

The trial judge is hereby appointed Commissioner of this Court for the purpose of allocating the costs in favor of and against the respective parties, and to report such allocation to this Court.

TAYLOR, McQUADE and McFADDEN, JJ., and YOUNG, District Judge, concur.