388 P.2d 996

The PEOPLE of the State of Idaho upon the relation of George E. REDFORD, Prosecuting Attorney of the County of Minidoka, **Plaintiff-Appellant,**

v.

The CITY OF BURLEY, a Municipal Corporation, Defendant-Respondent.

No. 9316.

*Supreme Court of Idaho.*

Jan. 28, 1964.

Larry R. Duff, Pros. Atty., Minidoka County, George E. Redford, Deputy Pros. Atty., Minidoka County, Rupert, for appellant.

Herman E. Bedke, Burley, for respondent.

KNUDSON, Chief Justice.

By this action plaintiff-appellant challenges the validity of an ordinance (No. 667) of defendant-respondent municipal corporation which by its provisions purports to annex an area lying immediately north of the north boundary of respondent city. All of the facts material to a decision of the legal questions involved were submitted to the trial court by written stipulation filed July 19, 1962. Thereafter and on the same date respondent filed its motion for summary judgment. On July 23, 1962, appellant filed motion for summary judgment. The trial court granted respondent's said motion and from the judgment entered this appeal is taken.

The stipulated facts pertinent to a consideration of the issues presented are:

(1) Overland Avenue, also known as State Highway No. 27, extends north and south through the approximate center of Burley and also through the approximate center of the area in controversy. Prior to the effective date of said ordinance the northerly boundary line of respondent city extended in a northeasterly and southwesterly direction along the south boundary line of the Snake River for a distance of approximately 900 feet easterly from the center line of Overland Avenue and for 1000 feet westerly from said center line.

(2) The area described in said ordinance, as shown by the following sketch, includes a part of the bed or channel of the Snake River which is covered by the waters of said river. The river bed referred to constitutes the southern portion of said area and is spanned by a two-lane bridge extending along Overland Avenue, at which point the river is over 500 feet wide.

(3) That the center of Snake River, in the area involved, constitutes the boundary line between Cassia County on the south and Minidoka County on the north.

(4) That the bed of the river included within the area described in the ordinance is owned by and under the proprietorship of the state of Idaho; that it consists of more than 5 acres of land; it has not been laid off in lots or blocks containing not more than 5 acres each, nor has the owner or proprietor thereof sold or begun to sell any portion of said river bed; that at the time said ordinance was enacted said river bed was adjacent and contiguous to the then existing north boundary line of Burley.

The parties also agree that a municipality has no power to extend its boundaries by annexation in any manner other than as provided by applicable statutes. The only statute in this state cited or discussed by either party is I.C. § 50–303, which provides:

"Whenever any land lying contiguous or adjacent to any city, town or village in the state of Idaho, or to any addition or extension thereof, shall be, or shall have been, by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescense, laid off into lots or blocks, containing not more than five acres of land each, whether the same shall have been, or shall be, laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, it shall be competent for the council or board of trustees, as the case may be, by ordinance, to declare the same, by proper legal description, thereof, a part of such city, town or village. Provided that said board of trustees or council shall not have the power to declare such land, lots or blocks a part of said city, town or village, if they will be connected to such city, town or village by a shoe string or strip of land upon a public highway."

There is no issue as to whether the property involved, other than the river bed, has been laid out into lots or blocks containing not more than 5 acres of land each or whether the annexed area is connected to Burley by a shoe string or strip of land. In this respect it is stipulated that the owners respectively of the area annexed, aside from the river bed, had, prior to the enactment of said ordinance, duly platted said land into lots and blocks or had commenced selling off said property in plots of 3 acres or less, and that the owners of all said lands petitioned the city council to annex the same to the city of Burley.

Appellant's brief does not contain a distinct enumeration of the assignments of error as required under appellate rules of this court, Rule No. 41, however by the argument presented appellant challenges the validity of the annexation on the theory that it does not meet the requirement of I.C. § 50–303 for the reasons: (1) that the land lying under the Snake River was not laid out in lots or blocks as mentioned in said statute, therefore it could not be annexed, and (2) since the bed or channel of the river could not be annexed, neither could the land lying north of the river be annexed, since it was not contiguous or adjacent to the city of Burley.

Addressing ourselves to the first of appellant's above-mentioned contentions, we think it is beyond question that the requirement of said statute to the effect that the "land" shall have been platted or segregated as specified therein, before it may be annexed, does not apply to river beds or channels. Obviously the land referred to is land that is readily susceptible to such platting and subdividing.

A consideration of the second of appellant's said contentions necessitates a determination of what is meant by the words "contiguous or adjacent" as used in § 50–303. These words have been construed by this court in a number of cases for the purpose of determining their applicability to the facts being considered. None of such cases involved facts or conditions such as are presented in the instant case. The applicable general rule is stated in 37 Am. Jur. 645, § 27, that "Territory is contiguous to a municipality, however, if it is separated from it only by a watercourse that is or may be spanned by a bridge."

One of the early cases wherein a similar question was considered is Blanchard v. Bissell, 11 Ohio St. 96. It was there established that prior to the annexation therein being challenged the center of the Maumee River formed the southeast boundary of the City of Toledo; said river was navigable and was approximately one-quarter of a mile in width and had been permanently bridged for railroad purposes. The annexation therein considered consisted in an extension of the original boundaries of the City of Toledo so as to include the whole of the river and a considerable tract of land on its southeast side. The statute authorized the annexation of territory "contiguous" to a municipality. It was contended that the territory annexed was not in fact contiguous to the City of Toledo. However the court held that it was contiguous within the meaning of the statute involved.

In Vestal v. City of Little Rock, 54 Ark. 321, 15 S.W. 891, 11 L.R.A. 778, (1891), the governing statute authorized the annexation of "contiguous territory lying in the same county." In considering the question of contiguity the court said:

"To sustain their first ground for reversal, appellants rely on the fact that the city is on one side and a part of the lands included in the order is on the other side of the Arkansas river; but we do not think this fact conclusive that the lands are not contiguous within the meaning of the act. The river is also included in the land annexed, and is therefore not a break to contiguity, nor an inseparable barrier to complete amalgamation of the communities upon its opposite banks."

See also Ford v. Incorporated Town of North Des Moines, 80 Iowa 626, 45 N.W. 1031 (1890); State ex inf. Taylor ex rel. Kansas City v. North Kansas City, 360 Mo. 374, 228 S.W.2d 762 (1950).

In Tovey v. City of Charleston, 237 S.C. 475, 117 S.E.2d 872, the appellant argued that there was a lack of continguity between the city and an annexed area because of the intervening Ashley River, and the court said:

"The channel of this river was formerly the western boundary of Charleston. The plat of the annexed territory introduced in evidence shows area 'A' as extending to the eastern bank of the Ashley River. There is, therefore, no intervening space between the annexed areas and the former city boundaries. We do not think the fact that they are separated by a navigable stream breaks the contiguity." * * *

We consider the foregoing cited cases to be logically reasoned and persuasive authority in this case. Our attention has not been called to any case, wherein similar facts existed, where the court held the annexation such as is here involved to be invalid for lack of contiguity.

 As hereinbefore pointed out, that an intervening river does not constitute a barrier to complete amalgamation of the communities upon its opposite banks is attested by common observation; to those who are reasonably familiar with the cities of this state, it is common knowledge that many of our cities are situate upon rivers or streams in varying widths and that the boundaries of such cities or villages encompass areas on both sides of the watercourse. We are convinced that the construction we herein apply to the language "contiguous or adjacent" is not repugnant to the fundamental concept of a city or village and is completely in accord with the legislative intent in the enactment of I.C. § 50–303.

We therefore conclude that the judgment appealed from should be and is affirmed. No costs allowed.

McQUADE, McFADDEN, TAYLOR and SMITH, JJ., concur.