456 P.2d 262

**Opal HENDRICKS et al., Plaintiffs-Appellants,**

**v.**

**The CITY OF NAMPA, a municipal corporation of the State of Idaho; Ernest E. Starr; Ellis Albright; Harold Stanford; Robert Baldwin; N. A. Wade; John Dieffenbach; Buster L. Baker, Defendants-Respondents.**

**No. 10057.**

Supreme Court of Idaho.

June 26, 1969.

96

Alexanderson, Davis & Rainey, Caldwell, for plaintiffs-appellants.

Joseph G. Wise, Nampa, for defendants-respondents.

DONALDSON, Justice.

Plaintiffs (appellants) brought an action against the defendants (respondents) City of Nampa, Members of the Nampa City Council, Nampa Mayor, Chief of Police and the Nampa City Clerk to have declared void Nampa City Ordinance No. 1045, dated the 21st day of February, 1966. By the

terms of the ordinance, properties belonging to plaintiffs and to others not parties to the action were annexed to the city.

Many of the facts are stipulated. It appears that appellants' properties are located west of the Nampa boundary as it existed prior to the annexation. Prior to annexation, some of the lots had common boundaries to the city while others did not. Each holding was greater in extent than 5 acres and was used exclusively for agriculture. None of the present owners except Mr. and Mrs. George Koyama had subdivided or sold any part of their property in parcels of less than 5 acres. The George Koyamas had transferred a small portion of their land to Mr. Koyama's brother and then had thereafter reacquired it. The purpose of this transaction was evidently to avoid encumbrancing the entire property with a mortgage when the Koyamas were building a dwelling house on their farm. All parties had purchased their lots in single parcels except for the Tomers, who bought 6.2 acres in 1937 and .5 acres in 1943.

The Hendricks and Dickman property was situated within the Home Subdivision which had been subdivided and platted in 1911. Some but not all of the lots in the Home Subdivision were smaller than 5 acres. The Joe Koyama, Gross and Dutro lands were situated within the Hilty Subdivision, subdivided and platted in 1910. As with the Home Subdivision, some but not all of the lots were smaller than 5 acres. The George Koyama, Sparr, Land and a portion of the Tomer lands were situated in the Westview Subdivision. As was true with the other subdivisions, some but not all of the lots therein were smaller than 5 acres. The evidence further showed

that the appellants' properties did not represent the growth of the city. Fewer than 30 people live on all of the lots, and no parcel has a greater population than 8. Furthermore, the lands as presently used do not benefit directly from the annexation. On the other hand, the lands to the north and west of appellants' properties represent the fastest growing portion of the greater Nampa area and do benefit by the annexation. These lands were also annexed under the ordinance complained of. In order for the city properly to serve the fast-developing lands, it was necessary to annex appellants' properties. It was stipulated at trial that no procedural defects occurred in passing the ordinance and that the appellants made their objections known in a timely fashion. At the conclusion of the trial the court ruled that the ordinance must be presumed to be valid until shown to be otherwise. The court went on to hold that appellants had the burden of proving such invalidity and that they had failed to carry the burden. The district court also entered judgment excluding property of plaintiff Louise Herrbach from the boundaries of the city. The court decreed that the other plaintiffs were not entitled to relief. All of the unsuccessful plaintiffs except Mr. and Mrs. Lester Robertson have appealed.

The primary issue in this appeal goes to the *quantum and nature of proof necessary* to overcome the presumed validity of the annexing ordinance.

The authority under which the city made its annexation was I.C. § 50–303.[1] It states:

"50–303. *Annexation of adjacent territory.*—Whenever any land lying contiguous or adjacent to any city, town or vil-

---

1. I.C. § 50–303 was superseded subsequent to the enactment of the Nampa city ordinance by I.C. § 50–222. I.C. § 50–222 was amended in 1969 to read:
   "50–222. ANNEXATION OF ADJACENT TERRITORY.—Whenever any land lying contiguous or adjacent to any city in the state of Idaho, or to any addition or extension thereof, shall be or shall have been by the owner or pro-

prietor thereof or by any person by or with the owner's authority or acquiescence, laid off into blocks containing not more than five (5) acres of land each, whether the same shall have been or shall be laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor or any person by or with his authority, has sold or begun to sell off

lage in the state of Idaho, or to any addition or extension thereof, shall be, or shall have been, by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescense, laid off into lots or blocks, containing not more than five acres of land each, whether the same shall have been, or shall be, laid off, subdivided or platted in accordance with any statute of this state or otherwise, or whenever the owner or proprietor, or any person by or with his authority, has sold, or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres, it shall be competent for the council or board of trustees, as the case may be, by ordinance, to declare the same, by proper legal description thereof, a part of such city, town or village. Provided that said board of trustees or council shall not have the power to declare such land, lots or blocks a part of said city, town or village, if they will be connected to such city, town or village by a shoe string or strip of land upon a public highway."

■ Municipalities may exercise only such powers as are expressly granted them or necessarily implied from the powers granted. They have the power to annex additional territory only under the conditions, restrictions and limitations which the legislature imposes. If the essentials of the statute are lacking the annexation ordinance is invalid. See, Finucane v. Village of Hayden, 86 Idaho 199, 384 P.2d 236 (1963); Batchelder v. City of Coeur

D'Alene, 85 Idaho 90, 375 P.2d 1001, (1962); Oregon Short Line Railroad Co. v. Village of Chubbuck, 83 Idaho 62, 357 P.2d 1101 (1960); Potvin v. Village of Chubbuck, 76 Idaho 453, 284 P.2d 414 (1955); Hillman v. City of Pocatello, 74 Idaho 69, 256 P.2d 1072 (1953); Boise City v. Baxter, 41 Idaho 368, 238 P. 1029 (1925); Boise City v. Boise City Dev. Co. Ltd., 41 Idaho 294, 238 P. 1006 (1925); cf. State v. Frederic, 28 Idaho 709, 155 P. 977 (1916).

■ While annexation may be authorized under I.C. § 50–303, now I.C. § 50–222, it must also pass the test of reasonableness. Batchelder v. City of Coeur D'Alene, *supra*; cf. Continental Oil Co. v. City of Twin Falls, 49 Idaho 89, 286 P. 353 (1930); Independent School District No. 1 of Twin Falls County v. Continental Oil Co., 49 Idaho 109, 286 P. 360 (1930); Boise City v. Boise City Dev. Co., Ltd., *supra*.

"Furthermore, the total portion annexed is to be considered as an entirety, and even though some parts might have been left out or other areas might have been included, nevertheless, if the entire portion sought to be annexed comes reasonably within the purposes for which annexation may be made it will not be considered that the city has abused its discretion." Boise City v. Boise City Dev. Co. Ltd., *supra*, 41 Idaho, at 315, 238 P.2d, at 1013.

■■ There exists a rebuttable presumption in favor of the validity of a munici-

such contiguous or adjacent lands by metes and bounds in tracts not exceeding five (5) acres or whenever the owner or proprietor or any person by or with his authority requests annexation in writing to the council, or when a tract of land is entirely surrounded by properties lying within the city boundaries, it shall be competent for the council, by ordinance, to declare the same, by proper legal description thereof, a part of such city. When any land not used exclusively for agricultural purposes is completely surrounded by the boundaries of two or more cities, the district court, shall after hearing the owners of the properties involved,

and the elected officials of the adjacent cities, determine which if any of the cities may annex said lands.

Railroad right of way property may be annexed when property within the city adjoins both sides of the right of way notwithstanding any other provision of this section. Provided, that the city may annex only those areas which can be reasonably assumed to be used for orderly development of the city. Provided further, that said council shall not have the power to declare such land, lots or blocks a part of said city, if they will be connected to such city only by a shoe string or strip of land upon a public highway."

pal ordinance. White v. City of Twin Falls, 81 Idaho 176, 338 P.2d 778 (1959); City of Lewiston v. Mathewson, 78 Idaho 347, 303 P.2d 680 (1956); Boise City v. Better Homes, Inc., 72 Idaho 441, 243 P.2d 303 (1952); Continental Oil Co. v. City of Twin Falls, *supra*. The ultimate burden of persuasion is on the party attacking the validity of an ordinance. Boise City v. Better Homes, Inc., *supra*; cf. City of Idaho Falls v. Grimmett, 63 Idaho 90, 117 P.2d 461 (1941).

Appellants' main contention at trial was that the properties in question were not annexable because they did not meet the requirement of former I.C. § 50–303 that the land " * * * shall be or shall have been by the owner or proprietor thereof or by any person by or with the owner's authority or acquiescence, laid off into lots or blocks containing not more than five acres of land each, whether the same shall have been or shall be laid off, subdivided or platted in accordance with any statute of this state or otherwise, or * * * [that] the owner or proprietor or any person by or with his authority, has sold or begun to sell off such contiguous or adjacent lands by metes and bounds in tracts not exceeding five acres * * *."

■ When an annexation ordinance is attacked on the above ground, if the complaining party comes forward with satisfactory, substantial competent evidence to show that the particular tract of land is greater in extent than five acres, *and* that the *present* owner, proprietor or person acting with his authority or acquiescence has not laid off, subdivided or platted the land into lots or blocks of more than five acres each, *and* that the *present* owner, proprietor or person acting with his au-

thority or acquiescence has not sold or begun to sell the land by metes and bounds in tracts not exceeding five acres, then such party will have satisfied the burden of coming forward with sufficient evidence to rebut the presumption of validity. Thereafter the burden of coming forward with other evidence to show that the ordinance in fact is valid will devolve upon the municipality. Ordinarily such evidence would be a showing that a *former* owner, proprietor or person acting with his authority or acquiescence had done, sometime in the past, one of the above-mentioned acts to the land being annexed.[2] See Batchelder v. City of Coeur D'Alene, *supra*. The ultimate burden of persuasion that the ordinance is invalid, of course, would remain with the person attacking the ordinance.

■ In the instant case, the trial court ruled that plaintiffs had to prove that neither the present nor the former owners had done any of the acts mentioned in the statute. For this reason, the judgment must be reversed and the cause remanded for a new trial.

■ In connection with the new trial, several other evidential matters must be discussed. First it should be observed that when the annexation is based on the act of subdividing, platting or laying off the tract into lots or blocks containing not more than five acres each, and no sale of five acres or less has occurred, then according to the terms of the statute every lot or block within the tract must be five acres or less in extent. It is not sufficient that some but not all of the lots contain five acres or less. Once, however, there has been a single sale of five acres or less from the tract whether subdivided, platted, laid off or not, then the entire tract may

2. Our reason for so holding is based on fundamental principles of fairness. By attempting to annex property, the municipality is changing the status quo. If the tract presently is greater than five acres in extent and if the present owner has not subdivided in lots or blocks of not more than five acres each and has not sold or begun to sell in tracts of not more than five acres, then in all likelihood it is not the type of private property ordinarily incorporated within a municipality. If the municipality still insists such land should be part of the city, it ought to go to the trouble and expense of searching the record for the acts of prior owners, rather than make the present owner search the record for what prior owners have *not* done.

be ripe for annexation, even though the remainder is greater than five acres.

■ Second, should the municipality have to prove the act of a former owner (or other person listed in the statute) in order to meet the terms of the annexation statute, that proof may extend only to all the tracts of a former owner in the direct chain of title of the land to be annexed, only up to the period during which such former owner in fact owned the land to be annexed. To illustrate, let us suppose that A received the original patent to a certain tract of land located in Idaho. In 1910 A sold one-third to B and kept the remaining two-thirds. In 1915 A sold one-half of the remaining two-thirds to C and kept one-third of the original tract. In 1920 C sold one-quarter of his tract to D. In 1925 C sold another quarter to E. In 1930 C sold another quarter to F, and kept the remaining quarter for himself.

In 1966, a municipality enacted an ordinance annexing the land belonging to E. E instituted an action to have the ordinance declared invalid as to his land. At trial E proved that his holding was greater than five acres and that he had never platted, subdivided, laid off or sold any part of his property.

What acts of A, B, C, D, and F may the municipality prove in order to prevail?

As to A, the municipality may show what he did with all his property from the patent date up until and including the sale to B in 1910, and what he did with the *remaining* parcel up until and including the sale to C in 1915. What A did with his remaining property after the sale to C has no bearing on the case since A no longer owned the property, the annexation of which is in dispute.

As to B, what he did with his land is not a proper matter of proof, since he never owned the land in controversy.

As to C, the municipality may show what he did with his entire parcel from the time he purchased from A up until and including his sale to D in 1920, and what he did with the *remaining* land up until and

including the sale to E in 1925. Again, what he thereafter did with the remainder is of no concern since he no longer owned the disputed land.

As to D and F, they never owned the land about which the annexation controversy centers. Hence what they did with their lands does not matter.

Hopefully, the foregoing explanation will resolve some of the evidentiary problems that may have been created by Batchelder v. City of Coeur D'Alene, *supra,* without nullifying the ultimate holding of that case. Cf. Boise City v. Boise City Dev. Co. Ltd., *supra.*

Appellants argue that some of the parcels annexed under the ordinance were not "contiguous or adjacent" to the city as the phrase was used in I.C. § 50–303. In Hillman v. City of Pocatello, *supra,* 74 Idaho, at 71, 256 P.2d, at 1073, we said:

"The fundamental conception of a city or village is that it is a collective body of inhabitants, gathered together in one mass, with recognized and well-defined external boundaries which gather the persons inhabiting the area into one body, not separated by remote or disconnected areas. In its territorial extent, the idea of a city, town or village is one of unity and of continuity, not separated or segregated areas.

"Under statutes authorizing a city or village, under prescribed conditions, to annex adjacent or contiguous territory to the municipality, such statutes have been generally construed to include only contiguous or conterminous territory. The words 'adjacent' and 'contiguous' so used must be construed to have a meaning in their primary and obvious sense, and the territory to be annexed must be adjoining, contiguous, conterminous or abutting. In other words 'adjacent' as used in the statute means connected with and does not contemplate that a city or village should be divided into noncontiguous parts or separated areas * * *.

"It was never intended that the word 'adjacent' as used in the statute could be

construed to mean a remote territory having no connection with the village or city." (Citations omitted).

The case of Potvin v. Village of Chubbuck, *supra*, 76 Idaho, at 458, 284 P.2d, at 416, held:

"* * * While the general rule is that land cannot be annexed to a city or town unless it is contiguous thereto, it is not necessary that each and every tract of land sought to be annexed shall be contiguous to the municipality. If all of the tracts are contiguous to each other, and one of them is contiguous to or adjoins the municipality, that is sufficient."

 These rules, of course, are subject to a reasonable interpretation under the particular factual situation. Thus, land may be "contiguous or adjacent" to a municipality although the two are separated by a watercourse. People ex rel. Redford v. City of Burley, 86 Idaho 519, 388 P.2d 996 (1964). Likewise the statute contemplates that the land to be annexed "will be connected" to the municipality, and not merely "by a shoe string or strip of land upon a public highway."

Should the ordinance ultimately be found valid, the City of Nampa and all lands annexed under the ordinance will be a single geographical unit, not divided into noncontiguous or separate areas. This satisfies the "contiguous or adjacent" requirement, notwithstanding the fact that certain of the parcels to be annexed, standing alone, did not have a common border with the city prior to enactment of the annexation ordinance.

We note that one of the appellants sold and repurchased a piece of land which was considerably smaller than five acres. Likewise, a former owner of another appellant's land had sold a one-half acre parcel to that appellant. Nevertheless we will reverse the judgment as to these parties, since the reasonableness of the annexation of their property may depend on the ultimate determination of the validity or invalidity of the annexation ordinance as it applies to the other appellants.

Other assignments of error relating to findings of fact and conclusions of law have been rendered moot by this opinion.

Judgment is reversed and the cause remanded for a new trial, except to Louise Herrbach and Mr. and Mrs. Lester Robertson, who have not appealed. Costs to appellants.

McQUADE, Acting C. J., SHEPARD and SPEAR, JJ., and DURTSCHI, District Judge, concur.